UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHYON WARNER,

                                                    Case no.
            Plaintiff,                              Hon.
v.                                                  Mag.

GILBARCO, INC., GILBARCO, INC. (d/b/a
GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

            Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Sohyon Warner, by and through her attorneys, PITT, McGEHEE, PALMER, BONANNI & RIVERS, PC files the following complaint against her former employer, Defendant Gilbarco, Inc., and in support states as follows:

### **Jurisdiction, Venue and the Parties**

1. This action for monetary damages arises out of Title VII of the Civil Rights Act of 1964. Plaintiff's right to sue letter was issued and mailed by the Equal Employment Opportunity Commission on June 10, 2024. Said EEOC complaint alleged gender, race, national origin discrimination and retaliation.

2. This action also seeks damages arising out of 42 USC § 1981 based upon a claim of race/ethnic discrimination and retaliation. This Court has jurisdiction over both of the aforementioned claims pursuant to 28 USC § 1331.

1

3.     This Court also has supplemental jurisdiction under 28 USC § 1367 to address claims brought under Michigan's Elliott-Larson Civil Rights Act, specifically, MCLA § 37.2201-2202 (gender, race, national origin, discrimination and retaliation).

4.     The venue of this Court over this controversy is based on 28 USC § 1391(d).

5.     Defendant Gilbarco Inc. is a foreign profit corporation incorporated under the laws of Delaware and licensed to do business within the State of Michigan as a corporation and at all times material hereto conducted business in this judicial district within the meaning of 28 USC § 1391 (c) and accordingly venue lies in this judicial district.

6.     Defendant Gilbarco, Inc. (d/b/a Gilbarco Veeder Root, Inc.) a foreign profit corporation incorporated under the laws of Delaware and licensed to do business within the State of Michigan as a corporation and at all times material hereto conducted business in this judicial district within the meaning of 28 USC § 1391 (c) and accordingly venue lies in this judicial district.

7.     Defendant Vontier Corporation is an industrial manufacturing company headquartered in Raleigh, North Carolina and owns Gilbarco Veeder-Root Inc. Defendant Vontier Corporation at all times material hereto conducted business in

this judicial district within the meaning of 28 USC § 1391 (c) and accordingly venue lies in this judicial district.

8.     Plaintiff, Sohyon Warner, at all times material hereto is an Asian (Korean) female and at all times material hereto resided in the Township of Bloomfield, County of Oakland, State of Michigan.

9.     The amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees thereon.

## Factual Allegations

10.     On December 6, 2021, Defendants hired Plaintiff Sohyon Warner to a remote-working position, as a Data Analytics Project Manager.

11.     Throughout her employment, Ms. Warner reported to Rosanna Hurst ("Hurst").

12.     Hurst is a white female.

13.     From January to April of 2022, Ms. Warner was assigned to the Core Data Lake Project overseen by Paul Blazer ("Blazer").

14.     Blazer is a white male.

15.     Ms. Warner worked diligently on the Core Data Lake Project, but it was quickly apparent to her that Blazer did not support her assignment to the project.

**May 4, 2022: Ms. Warner is Removed from a Major Project**

16.     On May 4, 2022, Ms. Warner was removed from the aforementioned project without warning.

17.     Immediately upon her removal from the project, Shawn McClellan ("McClellan"), a white male, was assigned to the Core Data Lake Project and assumed Ms. Warner's responsibilities.

18.     McClellan was lesser qualified for the role on the Core Data Lake Project than Ms. Warner.

19.     McClellan lacks Ms. Warner's data analytics, data science, STEM and PMP credentials.

20.     Around the same time as Ms. Warner's removal from the project, Dr. Tanya Porter, a black female, was also removed from the project.

21.     Upon Ms. Warner and Dr. Porter's removal from the Core Data Lake Project team, there were zero minorities assigned to the project.

22.     Following Ms. Warner's removal from the Core Data Lake Project, she was assigned to several relatively insignificant assignments, despite her requests to return to the Core Data Lake Project or something similar within data analytics.

**October of 2022 – February 2023: Ms. Warner Complains of Discrimination and is Terminated Without Basis**

23. In October of 2022, Ms. Warner submitted written complaints to Human Resources Compliance alleging that she had been demoted and discriminated against.

24. In January of 2023, Ms. Warner received a "leading contributor" rating on her 2022 annual performance review.

25. In the midst of receiving that review, Ms. Warner was initially assigned to the Demand Planning Project, but was again removed and replaced by McClellan.

26. Again, in January and February of 2023, Ms. Warner complained to HR Compliance specifically outlining her discriminatory treatment and requesting reassignment to another department.

27. On February 3, 2023, Ms. Warner filed a Charge of Discrimination with the Equal Employment Opportunity Commission complaining that she had been discriminated against based on her national origin, race, ethnicity, and gender.

28. That same month, Ms. Warner advised her superiors and Human Resources Compliance of her pending Charge of Discrimination.

29. On March 30, 2023, Ms. Warner was terminated without basis.

## COUNT I

## VIOLATION OF 42 USC § 1981,
## RACE AND ETHNICITY DISCRIMINATION
## PLAINTIFF v DEFENDANTS

30. Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

31. At all times relevant to this action, Defendants were prohibited under 42 USC § 1981 from making any employment decision regarding Plaintiff which was motivated by Plaintiff's race and/or ethnicity.

32. In violation of this duty, Defendants routinely discriminated against the Plaintiff in determining her work assignments and in terminating her employment.

33. As a direct and proximate result of Plaintiff's race and/or ethnic discrimination, Plaintiff has suffered and will continue to suffer the damages as set forth above.

WHEREFORE, the Plaintiff requests the following relief:

    a. An Order awarding the Plaintiff economic and emotional damages, both past and future in an amount she is found to be entitled;

    b. An Order awarding the Plaintiff punitive damages;

    c. An Order awarding Plaintiff interest, costs and attorney fees and litigation expenses;

d.     An Order granting Plaintiff such other relief as this Court deems just and equitable.

## COUNT II

## VIOLATION OF 42 USC § 1981 RETALIATION
## PLAINTIFF v DEFENDANTS

34.    Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

35.    As presented in detail above, Plaintiff filed numerous complaints and provided supporting information throughout 2022 and 2023 to Human Resources and her superiors in good faith alleging that she was systematically discriminated against on the basis of her race and/or ethnicity, national origin and gender.

36.    At all times relevant to this action, Defendants were prohibited under 42 USC § 1981 from making any employment decision regarding Plaintiff where were retaliatory in nature for Plaintiff having complained of discrimination.

37.    In violation of their duty, Defendants retaliated against the Plaintiff in each of the following respects in determining her work assignments and in terminating her employment.

38.    As a direct and proximate result of Defendants' retaliatory actions, Plaintiff has suffered and will continued to suffer lost wages and other economic advantages of employment.

39. Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment and emotional distress resulting from the retaliatory conduct of the Defendants as well.

WHEREFORE, Plaintiff requests the following relief:

a. An Order awarding the Plaintiff economic and non-economic damages, both past and future in an amount she is found to be entitled;

b. An Order awarding the Plaintiff punitive damages;

c. An Order awarding Plaintiff interest, costs and attorney fees and litigation expenses;

d. An Order granting Plaintiff such other relief as this Court deems just and equitable.

## COUNT III

## VIOLATION OF TITLE VII
## DISCRIMINATION AND RETALIATION

## PLAINTIFF v. DEFENDANTS

40. Plaintiff incorporates by reference all of the allegations set forth above as if fully set forth herein.

41. At all times material hereto, Plaintiff was an employee of Defendants and Defendants were an employer within the definition of Title VII.

42.   At all times material hereto Defendants and their upper management employees were under a duty not to discriminate against the Plaintiff as a result of the Plaintiff's race, gender, and national origin and/or ethnicity nor to retaliate against the Plaintiff for having complained of discrimination.

43.   In direct disregard of these duties and obligations, Defendants discriminated against and retaliated against Plaintiff in determining her work assignments and in terminating her employment.

44.   The above acts were taken against the Plaintiff as a direct and proximate result of the fact that Plaintiff was a Korean Asian female and/or the fact that the Plaintiff had repeatedly complained about the fact that Defendants discriminated against her in her work environment as a result of her gender, race, national origin and/or ethnicity.

45.   As a direct and proximate result of the wrongful actions complained of herein, Plaintiff suffered all of the injuries and damages set forth above.

46.   The actions of the Defendants, by and through its employees, were willful and taken with the intent to deprive the Plaintiff of her civil rights as guaranteed and protected to her under Title VII.

47.   As a result of the clear and intentional violation of Plaintiff's civil rights, in addition to compensatory damages, Plaintiff seeks an award of actual attorney fees and costs as well as an award of exemplary/punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor awarding the Plaintiff the following relief:

    a.    Compensatory damages in amount which will compensate the Plaintiff for her lost income, including wages and benefits, both past and future to which she is found to be entitled;

    b.    Compensatory damages for the non-economic losses experienced by the Plaintiff;

    c.    Reasonable actual attorney fees, costs and interest wrongfully incurred in obtaining this judgment;

    d.    Exemplary and/or punitive damages due to the intentional nature of Defendants' misconduct;

    e.    Any other relief this Court deems equitable or just.

## COUNT IV

### VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
### GENDER, RACE, ETHNICITY, NATIONAL ORIGIN DISCRIMINATION
### PLAINTIFF V. ALL DEFENDANTS

48.    Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

49.    At all times relative to this action, Defendants were prohibited under the Elliott-Larsen Civil Rights Act (ELCRA) from making any employment

decisions regarding Plaintiff which were motivated by Plaintiff's gender, race, ethnicity or national origin.

50.     At all times relevant hereto Defendants were employers under the Elliott-Larsen Civil Rights act.

51.     In violation of this duty, Defendants routinely discriminated against the Plaintiff in determining her work assignments and in terminating her employment.

52.     As a direct and proximate result of Plaintiff's gender, race, national origin, and/or ethnic discrimination, Plaintiff has suffered and will continue to suffer the damages as set forth above.

WHEREFORE, the Plaintiff requests the following relief:

a.     An Order awarding the Plaintiff economic and non-economic damages, both past and future in an amount she is found to be entitled;

b.     An Order awarding the Plaintiff punitive damages;

c.     An Order awarding Plaintiff interest, costs and attorney fees and litigation expenses;

d.     An Order granting Plaintiff such other relief as this Court deems just and equitable.

## COUNT V

## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
## RETALIATION
## PLAINTIFF v ALL DEFENDANTS

53.     Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

54.     At all times relevant to this action, Defendants were prohibited under the Elliott-Larsen Civil Rights Act (ELCRA) from retaliating against Plaintiff for opposing gender, race, ethnic and/or national origin discrimination prohibited under the Act.

55.     As detailed above, Plaintiff filed numerous complaints of discrimination with Human Resources and her superiors.

56.     In retaliation for having filed said complaints, Defendants retaliated against Plaintiff in determining her work assignments and in terminating her employment.

57.     As a direct and proximate result of the retaliatory efforts of the Defendants as described above, Plaintiff has suffered and will continue to suffer the damages as set forth above.

WHEREFORE, the Plaintiff requests the following relief:

a.    An Order awarding the Plaintiff economic and non-economic damages, both past and future in an amount she is found to be entitled;

b.    An Order awarding the Plaintiff punitive damages;

c.    An Order awarding Plaintiff interest, costs and attorney fees and litigation expenses;

d.    An Order granting Plaintiff such other relief as this Court deems just and equitable.

**PITT, McGEHEE, PALMER,**
**BONANNI & RIVERS, P.C.**

By:    /s/ Robert W. Palmer
        Robert W. Palmer (P31704)
        Channing Robinson-Holmes (P81698)
        Attorneys for Plaintiff
        117 W. Fourth Street, Suite 200
        Royal Oak, MI 48067
        Tel: (248) 398-9800
        Fax: (248) 268-7996
        rpalmer@pittlawpc.com
        crobinson@pittlawpc.com

Dated:   September 6, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHYON WARNER,

|  |  |
|---|---|
|  | Case no. |
| Plaintiff, | Hon. |
| v. | Mag. |

GILBARCO, INC., GILBARCO, INC. (d/b/a
GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

    Defendants.

_____/

## **DEMAND FOR JURY TRIAL**

Plaintiff Sohyon Warner, by her attorneys, PITT, McGEHEE, PALMER, BONANNI & RIVERS, PC, hereby makes a demand for a trial by jury of all facts and issues involved in this matter.

**PITT, McGEHEE, PALMER,
BONANNI & RIVERS, P.C.**

By: /s/ Robert W. Palmer
   Robert W. Palmer (P31704)
   Channing Robinson-Holmes (P81698)
   Attorneys for Plaintiff
   117 W. Fourth Street, Suite 200
   Royal Oak, MI 48067
   Tel: (248) 398-9800
   Fax: (248) 268-7996
   rpalmer@pittlawpc.com
   crobinson@pittlawpc.com

Dated: September 6, 2024

14