UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHYON WARNER,

                 Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC. (d/b/a
GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

                 Defendants.

Case No. 24-12333
Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

_____/

## FIRST AMENDED COMPLAINT
## AND REAFFIRMATION OF JURY DEMAND

Plaintiff, Sohyon Warner, by and through her attorneys, PITT, McGEHEE, PALMER, BONANNI & RIVERS, P.C. files the following First Amended Complaint against her former employer, Defendant Gilbarco, Inc., and in support states as follows:

### Jurisdiction, Venue and the Parties

1.    This action for monetary damages arises out of Title VII of the Civil Rights Act of 1964. Plaintiff submitted two Charges of Discrimination to the Equal Employment Opportunity Commission ("EEOC") alleging gender, race, national origin discrimination and retaliation, respectively. Plaintiff's right to sue letter was issued and mailed by the EEOC on June 10, 2024 for both of Plaintiff's complaints.

2.     This action also seeks damages arising out of 42 USC § 1981 based upon a claim of race/ethnic discrimination and retaliation. This Court has jurisdiction over both of the aforementioned claims pursuant to 28 USC § 1331.

3.     This Court also has supplemental jurisdiction under 28 USC § 1367 to address claims brought under Michigan's Elliott-Larson Civil Rights Act, specifically, MCLA § 37.2201-2202 (gender, race, and national origin discrimination and retaliation).

4.     The venue of this Court over this controversy is based on 28 USC § 1391(d).

5.     Defendant Gilbarco Inc. is a foreign profit corporation incorporated under the laws of Delaware and licensed to do business within the State of Michigan as a corporation and at all times material hereto conducted business in this judicial district within the meaning of 28 USC § 1391 (c) and accordingly venue lies in this judicial district.

6.     Defendant Gilbarco, Inc. (d/b/a Gilbarco Veeder Root, Inc.) a foreign profit corporation incorporated under the laws of Delaware and licensed to do business within the State of Michigan as a corporation and at all times material hereto conducted business in this judicial district within the meaning of 28 USC § 1391 (c) and accordingly venue lies in this judicial district.

7.    Defendant Vontier Corporation is an industrial manufacturing company headquartered in Raleigh, North Carolina and owns Gilbarco Veeder-Root Inc. Defendant Vontier Corporation at all times material hereto conducted business in this judicial district within the meaning of 28 USC § 1391 (c) and accordingly venue lies in this judicial district.

8.    Plaintiff Sohyon Warner is an Asian (Korean) female and at all times material hereto resided in the Township of Bloomfield, County of Oakland, State of Michigan.

9.    The amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees thereon.

## Factual Allegations

10.    Plaintiff Sohyon Warner is an experienced technical and business senior program manager with expertise in data analytics and data science.

11.    On December 6, 2021, Defendants hired Ms. Warner to a remote-working position, as a Data Analytics Project Manager.

12.    As a Data Analytics Project Manager, Ms. Warner was responsible for enterprise data migration and projects related to data analytics.

13.    Throughout her employment, Ms. Warner reported to Rosanna Hurst ("Hurst"), Director of the Project Management Office.

14.    Hurst is a Latina female.

15.     From December of 2021 to May of 2022, Ms. Warner was assigned to the Core Data Lake Project overseen by Enterprise Architect Paul Blaser ("Blaser").

16.     Blaser is a white male.

17.     Ms. Warner worked diligently on the Core Data Lake □ Program, but it was quickly apparent to her that Blaser did not support her assignment to the project.

**May 4, 2022: Ms. Warner is Removed from a Major Project**

18.     On May 4, 2022, Ms. Warner was removed from the aforementioned project without warning.

19.     Ms. Warner's removal from the Core Data LakeProgram coupled as a demotion; Ms. Warner's job title changed to Project Manager.

20.     Immediately upon her removal from the project, Shawn McClellan ("McClellan"), a white male and contract worker, was assigned to the Core Data Lake Project and assumed Ms. Warner's job title – Data Analytics Project Manager – and responsibilities.

21.     McClellan was lesser qualified for the role on the Core Data Lake Project than Ms. Warner.

22.     At that time, McClellan lacked Ms. Warner's data analytics, data science, STEM and PMP credentials.

23.     Around the same time as Ms. Warner's removal from the project, Blaser likewise removed Dr. Tanya Porter, a black female, from the project.

24.     Upon Ms. Warner and Dr. Porter's removal from the Core Data Lake Program team, there were zero minority females assigned to the project.

25.     Following Ms. Warner's removal from the Core Data Lake Project, she was assigned to several relatively insignificant assignments, despite her requests to return to the Core Data Lake Project or something similar within data analytics.

26.     Defendants ultimately moved Ms. Warner to a non-existent position in Vontier Corporation for which no written requisition or job description existed.

27.     At the same time as Ms. Warner's move, her former position as Project Manager was slated to disappear in December of 2022.

### October of 2022 – February 2023: Ms. Warner Complains of Discrimination and is Terminated Without Basis

28.     In October of 2022, Ms. Warner submitted written complaints to Human Resources Compliance alleging that she had been demoted and discriminated against.

29.     December of 2022, HR Compliance advised Ms. Warner that their investigation did not substantiate her complaint.

30.     Following this communication from HR Compliance, Ms. Warner contacted the Equal Employment Opportunity Commission ("EEOC") in order to submit a Charge of Discrimination.

31.     In January of 2023, Ms. Warner received a "leading contributor" rating on her 2022 annual performance review.

32.    In the midst of receiving that review, in January of 2023, Ms. Warner was initially assigned to the Demand Planning Program, but was again removed and replaced by McClellan in a move prompted by Blaser.

33.    Again, in January and February of 2023, Ms. Warner complained to HR Compliance specifically outlining her discriminatory treatment and requesting reassignment to another department or a change in her reporting structure.

34.    On February 3, 2023, Ms. Warner filed a Charge of Discrimination with the EEOC complaining that she had been discriminated against based on her national origin, race, ethnicity, and gender.

35.    That same month, Ms. Warner advised her superiors and Human Resources Compliance of her pending Charge of Discrimination.

**March of 2023: Ms. Warner Continues to Complain of Discrimination, Harassment and Retaliation and is Promptly Terminated**

36.    On March 6, 2023, Ms. Warner advised her superiors and Human Resources Compliance, via e-mail, that management was intentionally seeking her constructive discharge in retaliation for her Charge of Discrimination.

37.    Management and Human Resources disregarded Ms. Warner's complaints.

38.    On March 7, 2023, Ms. Warner advised Blaser of her EEOC Charge of Discrimination, via e-mail, and explicitly complained that he was engaging in discriminatory and retaliatory behavior.

6

39.    On March 24, 2023, Ms. Warner reiterated her complaints of discrimination and retaliation to Blaser, via e-mail, complaining that he was engaging in verbal intimidation, treated McClellan more favorably than her, "excluded, isolated, and ostracized" her from her peers, and making decisions about her job assignment based on her race, ethnicity, national origin, age and/or gender. On March 30, 2023, Ms. Warner was terminated without basis.

### COUNT I

### VIOLATION OF 42 USC § 1981, RACE AND ETHNICITY DISCRIMINATION PLAINTIFF v DEFENDANTS

40.    Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

41.    At all times relevant to this action, Defendants were prohibited under 42 USC § 1981 from making any employment decision regarding Plaintiff which was motivated by Plaintiff's race and/or ethnicity.

42.    In violation of this duty, Defendants routinely discriminated against the Plaintiff in determining her work assignments and in terminating her employment.

43.    As a direct and proximate result of Plaintiff's race and/or ethnic discrimination, Plaintiff has suffered and will continue to suffer the damages as set forth above.

WHEREFORE, the Plaintiff requests the following relief:

      a.     An Order awarding the Plaintiff economic and emotional damages, both past and future in an amount she is found to be entitled;

      b.     An Order awarding the Plaintiff punitive damages;

      c.     An Order awarding Plaintiff interest, costs and attorney fees and litigation expenses;

      d.     An Order granting Plaintiff such other relief as this Court deems just and equitable.

## COUNT II

## VIOLATION OF 42 USC § 1981 RETALIATION
## PLAINTIFF v DEFENDANTS

44.    Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

45.    As presented in detail above, Plaintiff filed numerous complaints and provided supporting information throughout 2022 and 2023 to Human Resources and her superiors in good faith alleging that she was systematically discriminated against on the basis of her race and/or ethnicity, national origin and gender.

46.    At all times relevant to this action, Defendants were prohibited under 42 USC § 1981 from making any employment decision regarding Plaintiff that were retaliatory in nature for Plaintiff having complained of discrimination.

47.   In violation of their duty, Defendants retaliated against Plaintiff in determining her work assignments and in terminating her employment.

48.   As a direct and proximate result of Defendants' retaliatory actions, Plaintiff has suffered and will continue to suffer lost wages and other economic advantages of employment.

49.   Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment and emotional distress resulting from the retaliatory conduct of the Defendants as well.

WHEREFORE, Plaintiff requests the following relief:

a.   An Order awarding the Plaintiff economic and non-economic damages, both past and future in an amount she is found to be entitled;

b.   An Order awarding the Plaintiff punitive damages;

c.   An Order awarding Plaintiff interest, costs and attorney fees and litigation expenses;

d.   An Order granting Plaintiff such other relief as this Court deems just and equitable.

**COUNT III**

**VIOLATION OF TITLE VII**
**DISCRIMINATION AND RETALIATION**
**PLAINTIFF v. DEFENDANTS**

50.     Plaintiff incorporates by reference all of the allegations set forth above as if fully set forth herein.

51.     At all times material hereto, Plaintiff was an employee of Defendants and Defendants were an employer within the definition of Title VII.

52.     At all times material hereto Defendants and their upper management employees were under a duty not to discriminate against the Plaintiff as a result of the Plaintiff's race, gender, and national origin and/or ethnicity nor to retaliate against the Plaintiff for having complained of discrimination.

53.     In direct disregard of these duties and obligations, Defendants discriminated against and retaliated against Plaintiff in determining her work assignments and in terminating her employment.

54.     The above acts were taken against the Plaintiff as a direct and proximate result of the fact that Plaintiff was a Korean Asian female and/or the fact that the Plaintiff had repeatedly complained about the fact that Defendants discriminated against her in her work environment as a result of her gender, race, national origin and/or ethnicity.

55.    As a direct and proximate result of the wrongful actions complained of herein, Plaintiff suffered all of the injuries and damages set forth above.

56.    The actions of the Defendants, by and through its employees, were willful and taken with the intent to deprive the Plaintiff of her civil rights as guaranteed and protected to her under Title VII.

57.    As a result of the clear and intentional violation of Plaintiff's civil rights, in addition to compensatory damages, Plaintiff seeks an award of actual attorney fees and costs as well as an award of exemplary/punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor awarding the Plaintiff the following relief:

a.    Compensatory damages in amount which will compensate the Plaintiff for her lost income, including wages and benefits, both past and future to which she is found to be entitled;

b.    Compensatory damages for the non-economic losses experienced by the Plaintiff;

c.    Reasonable actual attorney fees, costs and interest wrongfully incurred in obtaining this judgment;

d.    Exemplary and/or punitive damages due to the intentional nature of Defendants' misconduct;

e.    Any other relief this Court deems equitable or just.

## COUNT IV

## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
## GENDER, RACE, ETHNICITY, AND NATIONAL ORIGIN
## DISCRIMINATION
## PLAINTIFF V. ALL DEFENDANTS

58.     Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

59.     At all times relevant hereto Defendants were employers under the Elliott-Larsen Civil Rights Act.

60.     At all times relative to this action, Defendants were prohibited under the Elliott-Larsen Civil Rights Act (ELCRA) from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's gender, race, ethnicity, or national origin.

61.     In violation of this duty, Defendants routinely discriminated against the Plaintiff in determining her work assignments and in terminating her employment.

62.     As a direct and proximate result of Plaintiff's gender, race, national origin, and/or ethnic discrimination, Plaintiff has suffered and will continue to suffer the damages as set forth above.

WHEREFORE, the Plaintiff requests the following relief:

a.     An Order awarding the Plaintiff economic and non-economic damages, both past and future in an amount she is found to be entitled;

b.      An Order awarding the Plaintiff punitive damages;

c.      An Order awarding Plaintiff interest, costs and attorney fees and litigation expenses;

d.      An Order granting Plaintiff such other relief as this Court deems just and equitable.

## COUNT V

## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT RETALIATION PLAINTIFF v ALL DEFENDANTS

63.     Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

64.     At all times relevant to this action, Defendants were prohibited under the Elliott-Larsen Civil Rights Act (ELCRA) from retaliating against Plaintiff for opposing gender, race, ethnic, age and/or national origin discrimination prohibited under the Act.

65.     As detailed above, Plaintiff raised numerous complaints of discrimination with Human Resources, her superiors, and the EEOC.

66.     In retaliation for having made said complaints, Defendants retaliated against Plaintiff in determining her work assignments and in terminating her employment.

67.    As a direct and proximate result of the retaliatory efforts of the Defendants as described above, Plaintiff has suffered and will continue to suffer the damages as set forth above.

WHEREFORE, the Plaintiff requests the following relief:

a.    An Order awarding the Plaintiff economic and non-economic damages, both past and future in an amount she is found to be entitled;

b.    An Order awarding the Plaintiff punitive damages;

c.    An Order awarding Plaintiff interest, costs and attorney fees and litigation expenses;

d.    An Order granting Plaintiff such other relief as this Court deems just and equitable.

Respectfully submitted,

PITT, McGEHEE, PALMER,
BONANNI & RIVERS, P.C.

By:    /s/ Robert W. Palmer
Robert W. Palmer (P31704)
Channing Robinson-Holmes (P81698)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: (248) 398-9800
Fax: (248) 268-7996
rpalmer@pittlawpc.com
crobinson@pittlawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHYON WARNER,

                                 Case No. 24-12333

                Plaintiff,            Hon. Gershwin A. Drain

v.                                   Mag. Judge Anthony P. Patti

GILBARCO, INC., GILBARCO, INC. (d/b/a
GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

                Defendants.

_____/

## **REAFFIRMATION OF DEMAND FOR JURY TRIAL**

Plaintiff Sohyon Warner, by her attorneys, PITT, McGEHEE, PALMER, BONANNI & RIVERS, PC, hereby reaffirms her demand for a trial by jury of all facts and issues involved in this matter.

                        Respectfully submitted,

                        PITT, McGEHEE, PALMER,
                        BONANNI & RIVERS, P.C.

                    By:   /s/ Robert W. Palmer
                        Robert W. Palmer (P31704)
                        Channing Robinson-Holmes (P81698)
                        Attorneys for Plaintiff
                        117 W. Fourth Street, Suite 200
                        Royal Oak, MI 48067
                        Tel: (248) 398-9800
                        Fax: (248) 268-7996
                        rpalmer@pittlawpc.com
                        crobinson@pittlawpc.com

Dated:  October 15, 2024