UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHYON WARNER,

    Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(*d/b/a* GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

    Defendants.
_____/

Case No. 2:24-cv-12333

District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**ORDER (1) GRANTING IN PART & DENYING IN PART PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY (ECF No. 48), (2) GRANTING IN PART & DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANTS' NOTICE OF DEPOSITION (ECF No. 49), (3) MODIFYING THE COURT'S MARCH 18, 2025 PROTECTIVE ORDER (*see* ECF No. 21); (4) DIRECTING THE PARTIES TO READ *Lee v. EUSA Pharma US LLC*, No. 2:22-CV-11145, 2024 WL 250064 (E.D. Mich. Jan. 23, 2024); (5) DIRECTING PLAINTIFF TO READ *Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622 (E.D. Mich. Sept. 19, 2025), (6) STRIKING PLAINTIFF'S STATEMENT OF RESOLVED AND UNRESOLVED ISSUES (ECF No. 63), and (7) RECORDING THE PARTES' AGREEMENT TO ENGAGE IN MEDIATION**

**A.    Pending Matters**

Currently pending before the Court are: (1) Plaintiff's amended motion to compel discovery (ECF No. 48), as to which a response (ECF No. 59) and a reply (ECF No. 61) have been filed; and, (2) Plaintiff's motion for protective order regarding Defendants' notice of deposition (ECF No. 49), as to which a response

1

(ECF No. 60) and a reply (ECF No. 62) have been filed.[1]  Additionally, the parties have filed separate statements of resolved and unresolved issues.  (*See* ECF Nos. 63, 64.)

Judge Drain has referred each of these motions to me for hearing and determination (ECF No. 50).

**B.     The September 26, 2025 Status Conference**

Pursuant to the Court's September 26, 2025 order (ECF No. 56), the parties – Plaintiff Sohyon Warner appeared *in pro per*, and Attorneys Richard Warren and Lauren Harrington appeared on behalf of Defendants – appeared remotely on October 28, 2025 for a video motion hearing.

Preliminarily, the Court confirmed that Defendants produced a privilege log on October 1, 2025 (*see* ECF No. 59, PageID.411-412; ECF No. 64, PageID.584; ECF No. 64-5) and that the parties met by video conference no later than October 24, 2025, as required by the Court's September 26, 2025 order.[2]

---

[1] The Court reiterates the warning given to Plaintiff orally at the hearing:  E.D. Mich. LR 5.1(a)(3) ("Type Size.") requires that footnotes be 14-point font, just like the text in the body of the briefing.  Plaintiff's ongoing failure to comply with this may result in her future filings being stricken.

[2] To the extent the Court's September 26, 2025 order required the parties to be prepared to discuss mediation and other ADR possibilities (*see* ECF No. 56, PageID.382), the parties reported their plan to conduct mediation sometime in January 2026, and, of the mediators whose names were mentioned during the video motion hearing, Plaintiff's first choice was Chris M. Kwok, Esq. of JAMS (*see*

2

**C.     Order**

Upon consideration of the motion papers and the parties' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's amended motion to compel discovery (ECF No. 48) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's request for an order compelling "Defendants to produce full responses to Plaintiff's March 3, 2025 discovery requests, as outlined in Exhibit A [*i.e.*, ECF No. 48-1], including comparator personnel files, HR investigation files, training manuals, termination memos, internal communications, and related materials[,]" is **GRANTED IN PART**. Defendants' reluctance to produce certain records – *e.g.*, those related to Shawn McClellan (in response to RFP No. 4) or to Paul Blaser (in response to RTP No. 5), or to the three people involved in her termination (in response to Int. No. 7 & RFP No. 3) – relates to concerns that the information will be uploaded to an AI platform. For the reasons set forth on the record, <u>the Court's March 18, 2025 Fed. R. Civ. P. 26(c) protective order (ECF No. 21) is hereby modified to reflect that any documents marked confidential shall not be uploaded onto any AI platform</u>. No later than Friday, **November 7, 2025**, Defendants **SHALL** produce these records.[3]

2. Further, although not addressed from the bench, the Court agrees with Plaintiff that Defendants may not wait to produce documents or other requested evidence they *already know* they "intend to rely upon in support

---

https://www.jamsadr.com/kwok/). Defendants having no objection to Mr. Kwok, the Court directed the parties to proceed to mediation with that mediator.

[3] During the video motion hearing, Plaintiff mentioned organizational charts in her possession that had not been produced by Defendant. Perhaps these are the organizational charts for Rossanna Hurst (*see* ECF No. 63-1) and Martina Schoultz (*see* ECF No. 63-2), which are attached to Plaintiff's now-stricken statement (*see* ECF No. 63). The Court suggests Plaintiff show Defendants which charts she has, so that Defendants may refine their search terms.

3

of [their] defense in this case[,]" as requested in RTP No. 20.  (ECF No. 48-3, PageID.330.)  Defendants must produce any such items of which they are *presently aware*, and must do so by **November 21, 2025**, supplementing as required by Fed. R. Civ. P. 26(e), if and when they became aware of additional responsive documents.  The Court will hold Defendants to their representation that they "will not rely on any document at trial that will not be produced during the discovery period" (ECF No. 59, PageID.408); however, the Court also recognizes that Defendants may not know of the need to introduce documents or other evidence *for impeachment purposes* until the need arises, and, thus, excludes such documents from this requirement.

3. Plaintiff's request for an order compelling "Defendants to produce a proper privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A) and deem privilege objections waived if not produced[,]" is **GRANTED IN PART**.  The Court notes defense counsel's representation that his client was concerned about litigation at least as early as October 10, 2022, as well as Plaintiff's concerns with the October 1, 2025 privilege log (*see* ECF No. 64-5; ECF No. 61-2, PageID.441-444), and also notes that it is Defendants' burden to demonstrate its assertion of attorney client privilege and work product doctrine.  Because Defendants are withholding two investigation reports (23-005, 22-119) on the basis of attorney-client privilege and/or work product doctrine (*see* ECF No. 64-5, PageID.611-612), no later than **Friday, November 7, 2025**, the parties are **DIRECTED** to read *Lee v. EUSA Pharma US LLC*, No. 2:22-CV-11145, 2024 WL 250064 (E.D. Mich. Jan. 23, 2024) (Patti, M.J.) (order after *in camera* review) and then confer in an effort to come to an agreement based on the law, as applied to the facts of this case.  Plaintiff's request for a finding that Defendants waived their privileges is **DENIED**, as the Court dealt with this issue in the September 26, 2025 status conference by setting an October 1, 2025 deadline for a privilege log (*see* ECF No. 56, PageID.382), and Defendants not only timely responded on March 3, 2025 to the discovery requests at issue (*see* ECF No. 59, PageID.411 n.2) but also timely complied with the Court's directive to serve a privilege log (*see id.*, PageID.412).  Defendants are correct that there is no *mandatory* rule requiring waiver for failure to provide a privilege log by the deadline for responding to discovery requests, the Court having discretion on this issue, as acknowledged by Plaintiff's own citation to *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 303–04 (6th Cir. 2002) for the idea that "blanket privilege assertions without

4

    log are defective and *may* constitute waiver[.]" (ECF No. 48, PageID.316 (emphasis added); *see also id.*, PageID.318.)

4.    Plaintiff's request for an order requiring "Defendants to comply with Fed. R. Civ. P. 34(b)(2)(E) by re-producing documents in an organized manner, eliminating duplicative Bates ranges, and labeling materials to correspond to Plaintiff's RFPs[,]" is **GRANTED IN PART**. Where "Defendants produced Bates Nos. 000162–000462 as a single, unorganized 'binder' of documents, much of which duplicates earlier Bates ranges ([ECF No. 48-2])[,]" Defendants **SHALL**, no later than Friday, **November 7, 2025**, provide descriptions, labeling materials to correspond to Plaintiff's RFPs.

(ECF No. 48, PageID.318-319; *see also id.*, PageID.315-317.)

    Moreover, Plaintiff's motion for a protective order regarding Defendants' notice of deposition (ECF No. 49) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.    Plaintiff's request for entry of "a Protective Order pursuant to Fed. R. Civ. P. 26(c), postponing Plaintiff's deposition until after Defendants substantially comply with discovery, and ordering that HR and decisionmaker depositions proceed first, consistent with Fed. R. Civ. P. 26(d)(3)[,]" is **DENIED**. Defendants have been seeking Plaintiff's deposition since January 23, 2025 (*see* ECF No. 60, PageID.421), *i.e.*, nine months ago. Defendants may take Plaintiff's deposition in November 2025 (before Plaintiff takes any depositions, although not before Friday, November 7, 2025. As negotiated by the parties during the motion hearing, Plaintiff's deposition **WILL TAKE PLACE** on **November 25, 2025**, beginning in the morning to allow for the up to 7 hours permitted by Fed. R. Civ. P. 30(d)(1) ("Duration.").

2.    Plaintiff's request to "strike the 'bring originals' demand from Defendants' Notice of Deposition" (*see* ECF No. 49-2, PageID.348) is **DENIED**, because originals allow for comparison between what was produced and the original source, and originals also help address any concerns about authenticity.[4]

---

[4] Here, Plaintiff is not being asked to produce these items for the first time, in which case Fed. R. Civ. P. 34's timeframes would apply; instead, she is being

3.   Plaintiff's request for an order requiring that "any deposition of Plaintiff be conducted via Zoom or equivalent platform, in full compliance with the Court's ADA Accommodation Order ([ECF No.] 39)[,]" is **DENIED.** Plaintiff's portrayal of that order was inaccurate. Plaintiff's forthcoming deposition will take place in person, because there is good reason to do so, for the various reasons placed on the record (*e.g.*, Defendants' right to see whether Plaintiff is looking at a computer or documents as she testifies, verification that Plaintiff is alone, ability to better observe body language, etc.); however, it shall take place at a neutral site (*e.g.*, a court reporter's office or conference room), not at defense counsel's office.[5]

(ECF No. 49, PageID.340.) Plaintiff's deposition will not be held up by any of Plaintiff's outstanding discovery issues, and she is cautioned that failure to attend her deposition subjects her to sanctions consistent with Fed. R. Civ. P. 37(d).

Additionally, Plaintiff twice cited to *Smith v. Dow Chem. Co.*, 166 F.R.D. 1, 2 (E.D. Mich. 1996) for the notion that "depositions should not proceed until relevant documents are produced . . . ." (ECF No. 48, PageID.316; ECF No. 49, PageID.338-339); however, this is a "phantom" or "hallucinated" citation to an FTCA case of a different name that does not mention depositions. *See Hamm v. Nasatka Barriers Inc.*, 166 F.R.D. 1 (D.D.C. 1996). While the Court cannot say

---

asked to bring originals of documents already produced: "The deponent shall bring with her to the deposition the original documents requested in Plaintiff's discovery, notwithstanding the production of copies earlier produced." (ECF No. 49-2, PageID.348.) These documents should have already been assembled for the original production. The request is not unreasonable.

[5] Plaintiff's October 13, 2025 renewed motion (ECF No. 57) to modify disability accommodations, as to which Defendant Gilbarco, Inc. has filed a response (ECF No. 65), is not before the Undersigned.

with certainty how this occurred in Plaintiff's brief, it can say that such citations are occurring in court filings with greater frequency now, presumably as the use of generative AI programs increases. Accordingly, Plaintiff is hereby **DIRECTED** to thoroughly read *Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622 (E.D. Mich. Sept. 19, 2025) (Patti, M.J.) (sanctioning Plaintiff $200 for each admitted misrepresentation). Although the Court will not sanction Plaintiff at this time, she is **HEREBY WARNED** that future noncompliance with Fed. R. Civ. P. 11 or misrepresentations to the Court – including mischaracterizations of prior court orders – may well result in related sanctions.

Also, as explained in detail on the record, Plaintiff's October 24, 2025 separate statement of resolved and unresolved issues (ECF No. 63) is **STRICKEN** from the record for her admitted failure to cooperate with Defendant in fulfilling my prior directive to file a *joint* statement and for using that opportunity to essentially file a (29-page) supplemental brief.

Finally, Plaintiff's respective requests for reasonable expenses under Fed. R. Civ. P. 37(a)(5) (*see* ECF No. 48, PageID.319 ¶ 4; ECF No. 49, PageID.340 ¶ 4) are **DENIED**, because Plaintiff did not fully prevail on either motion, *see* Fed. R. Civ. P. 37(a)(5)(C), and her motion to compel did not fully comply with E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests."). *See also* Fed.

R. Civ. P. 37(a)(5)(A)(i) ("the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action[.]").

    **IT IS SO ORDERED.**[6]

Dated:  October 30, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[6] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).