UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHYON WARNER,

        Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC. (d/b/a
GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

        Defendants.

Case No. 24-12333
Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

**PLAINTIFF'S NOTICE OF DEFENDANTS' NON-COMPLIANCE WITH ECF 66 ( ORDER ON MOTION TO COMPEL) AND REQUEST FOR SANCTIONS UNDER FED. R. CIV. P. 37**

## I. BACKGROUND

On October 30, 2025, the Court issued ECF No. 66, granting in part Plaintiff's Amended Motion to Compel (ECF 48) and directing Defendants to complete production by November 7, 2025, as to Items 1, 3, and 4 of Section C.

As of November 10, 2025, Defendants remain out of compliance with items 1, 3, and 4 of Section C of that Order.

As to item 3, the parties met and conferred on November 5, 2025, regarding Lee v. EUSA Pharma US LLC and the validity of Defendants' privilege log. As to items 1 & 4, Plaintiff also sent detailed emails on October 28 and 31, 2025,

1

identifying ESI and comparator deficiencies. Defendants have not cured those deficiencies nor provided a supplementation timeline.

## II. NON-COMPLIANCE ITEM 1- COMPARATOR HR FILES (ECF 66 ¶ C(1)):

Under ECF 66 ¶ C(1), the Court ordered Defendants to produce "full responses to Plaintiff's First Set of Discovery Requests on January 25, 2025, including comparator personnel files, HR investigation files, training manuals, termination memos, internal communications, and related materials," no later than **November 7, 2025.** The Order specifically referenced **Shawn McClellan** (RFP No. 4), **Paul Blaser** (RFP No. 5), and "the three people involved in Plaintiff's termination" (Interrogatory No. 7 and RFP No. 3).

The Court further directed that Plaintiff's organizational charts (ECF 63-1 and ECF 63-2) be used by Defendants to refine their search. Plaintiff forwarded the organization charts to Defendant via email on November 2, 2025. Based on the organizational charts and Defendants' own production, Plaintiff's comparators and relevant custodians include **Shawn McClellan, Paul Blaser, Rosanna Hurst, Julia Furey, Ashley Kates, Raul Posada, and Michelle Rutz.** A detailed summary of the non-compliance for each comparator is presented in **Exhibit A (Comparators Production Summary Chart).**

2

Defendants produced all HR and personnel documents related to Plaintiff in full, yet intentionally omitted equivalent categories of materials for key comparators. The Court's order requires parity in scope and completeness. Defendants must produce comparator personnel files and HR materials at a level matching the completeness and detail of Plaintiff's production.

**Defendants have failed to comply with ECF 66 ¶ C(1) as follows:**

- **Shawn McClellan:** Defendants produced no records for Mr. McClellan and falsely represented in their Supplemental Response to RFP No. 4 that "no records exist" because McClellan was a contractor. However, Defendants' Bates G002852 confirms McClellan became a full-time Gilbarco employee in July 2022, holding the same Data & Analytics Project Manager job title previously assigned to Plaintiff. Plaintiff personally witnessed his hiring (ECF 63-1). **This misrepresentation constitutes a false certification under Rule 26(g) and a discovery violation tantamount to a false statement under oath.** It violates Rule 26(g) (certification of completeness and truthfulness) and Rule 34 (failure to produce materials within a party's control), such as hiring records, wage information, resumé, performance evaluations, disciplinary records, separations, etc.

- **Paul Blaser:** Defendants' production for Paul Blaser (Bates **G004629–G004633**) is only four pages, omitting his hiring records, resumé, performance

evaluations, disciplinary records, and any documentation relating to separation or ongoing employment. This incomplete production does not satisfy the Court's directive for complete personnel and HR files.

- **Rosanna Hurst:** Defendants produced limited materials (Bates **G004661–G004688**) lacking her job description, resumé, performance evaluations, wage progression, and disciplinary records. These omissions leave the file incomplete and non-compliant with ECF 66 ¶ C(1).

- **Emily Hueser:** Defendants produced limited materials (Bates **G004479-004566**) lacking her job description, resumé, performance evaluations, wage progression, disciplinary records, and separation documents. These omissions leave the file incomplete and non-compliant with ECF 66 ¶ C(1).

- **Ashley Kates:** No documents have been produced for Ms. Kates despite her inclusion in the organizational hierarchy relevant to Plaintiff's reassignment and project removal. This is a complete failure of production under ECF 66 ¶ C(1).

- **Julia Furey:** The records provided (Bates **G004567-004585)** consist primarily of generic HR onboarding forms and contain no resumé, job description, additional salary progression, performance review, or disciplinary documentation.

4

- **Raul Posada:** Defendants' partial production (Bates **G004634-004660**) omits his resumé, job description, performance reviews, and disciplinary records, leaving key personnel and performance data undisclosed.

- **Michelle Rutz:** While Defendants provided an offer letter and limited HR onboarding forms (Bates G004586–G004628), they failed to produce Rutz's resumé, job description, performance evaluations, and disciplinary records, rendering the file incomplete.

**Please reference Exhibit A for the summary view of the production status of comparator files.**

### III. NON-COMPLIANCE ITEM 3: PRIVILEGE LOG AND INVESTIGATION PRODUCTION VIOLATIONS (ECF 56 & ECF 66 ¶ C(3))

Under **ECF 56** (Sept 26, 2025), Defendants were required to serve a *full and compliant privilege log* by **October 1, 2025**.

Under **ECF 66 ¶ C(3)** (Oct 30 2025), Defendants were ordered to: (a) review *Lee v. EUSA Pharma US LLC*, 2024 WL 250064 (E.D. Mich. Jan 23 2024); (b) confer in good faith with Plaintiff to reach agreement on the application of that case to Investigations #22-119, #23-005, and others; and (c) complete those steps no later than **November 7, 2025.**

At the November 5 conference, Defendants appeared without any amended privilege log, conceded they had not reevaluated any entries, and vaguely stated they would "do a deep dive on the log with the client." That review was due more than a month earlier under ECF 56. As of November 10, 2025, no corrected log, explanatory memorandum, or supporting affidavit has been served. The existing log remains conclusory and facially defective under Fed. R. Civ. P. 26(b)(5)(A).

Following the November 5 conference, Defendants represented that they would produce the factual portions of HR Investigations #22-119 and #23-005, including interview notes, witness statements, and related HR documentation, by November 12, 2025.

That representation was intended to cure deficiencies identified in the prior October 1 log. Yet as of November 10, no production or supplemental privilege narrative has been delivered. This unfulfilled commitment compounds Defendants' violation of ¶ C(3) and Rule 26(g).

During the November 5 conference, the parties could not agree on the application of *Lee v. EUSA Pharma*. Plaintiff maintained that *EUSA* does not shield Defendants' internal "HR compliance" investigations because those were business activities conducted by in-house personnel amid ongoing retaliation and overlapping EEOC charges, not legal work 'in anticipation of litigation.' Defendants offered no contrary authority and failed to explain how internal

6

inquiries begun in October 2022, nearly two years before this lawsuit, could plausibly qualify as privileged work product and/or fall within the scope of attorney–client protection.

Accordingly, the Court-mandated *EUSA* agreement remained unresolved as of **November 7, 2025**, as documented in Plaintiff's **Exhibit B (Case Analysis on Differences).** That unresolved status itself constitutes non-compliance with ¶ C(3).

**Defendants have not met their burden under Rule 26(b)(5)(A)** to describe withheld documents in a manner that enables the Court and Plaintiff to assess each privilege claim. The log omits the names of the authors, recipients, subject matter, and the factual basis for each privilege assertion. Without these particulars, Defendants cannot sustain their attorney-client or work-product claims for Investigations #22-119, #23-005, and others, including any related follow-on inquiries initiated between those investigations.

Despite Plaintiff's good-faith restraint in delaying this filing to allow Defendants additional time, **as of November 10, 2025, they remain wholly non-compliant with both ECF 56 and ECF 66 ¶ C(3).** Plaintiff extended professional courtesy beyond the Court's deadline to permit voluntary correction. Defendants' continued disregard of their discovery duties and the Court's orders should be noted.

## IV. NON-COMPLIANCE ITEM 4: FAILURE TO PRODUCE OR RE-PRODUCE AND ORGANIZE DOCUMENTS PER RULE 34(B)(2)(E) (ECF 66 ¶ C(4))

ECF 66 ¶ C(4) expressly ordered Defendants to comply with **Fed. R. Civ. P. 34(b)(2)(E)** by re-producing all discovery in an organized manner, eliminating overlapping Bates ranges, and labeling materials to correspond to Plaintiff's Requests for Production ("RFPs"). The Court's order required completion **by November 7, 2025**.

As of **November 10, 2025**, Defendants have made no effort to reproduce or label their discovery as required. The production covering **Bates 000162–000462** remains an unorganized binder that duplicates prior Bates ranges and provides no cross-reference to any specific RFP. Moreover, the newly uploaded **ESI four folders (Bates G000463–G004427)** contain hundreds of megabytes of unindexed data with no custodian identification, no folder-to-RFP correlation, and no subject-matter organization. The Court's explicit instruction to "label materials to correspond to Plaintiff's RFPs" was simply disregarded. This ongoing disarray renders the production effectively unusable and constitutes a direct violation of the **Fed. R. Civ. P. 34(b)(2)(E)** and **ECF 66 ¶ C(4).**

## V. NON-COMPLIANCE IN RELATION TO ITEM 4, DEFICIENT AND UNTIMELY ESI PRODUCTION (ECF 48 & 66)

Under **ECF 48**, Plaintiff moved to compel complete ESI production after Defendants' earlier disclosure (**Bates 000162–000462**) consisted of an unorganized binder with missing custodian communications. Following the Court's ruling in **ECF 66 ¶ C(4)**, Defendants promised to produce or reproduce all discovery in organized form and complete ESI production consistent with Rule 34(b)(2)(E). Defendants also stated that their **full ESI production would be completed by October 24, 2025.**

Defendants failed to meet the October 24 deadline and instead produced a **partial, incomplete dataset** on **October 27, 2025 (Bates G000463–G001378)**, while acknowledging further materials remained outstanding. Despite repeated written reminders, Defendants did not deliver the remaining **Bates G001379–G004427** set until **November 7, 2025**, nearly two weeks late and in disorganized form.

The ESIs that generated these productions were based on a **narrowed scope negotiated with Plaintiff's former counsel**, excluding critical custodians and communications. On **October 27, 2025**, Plaintiff provided Defendants with a supplemental list of required search term combinations and custodians (**Exhibit C**), including:

    Blaser AND McClellan
    Blaser AND Hurst
    Blaser AND Schoultz
    Blaser AND Rosanna

    Blaser AND Martina
    Rosanna AND McClellan
    Hurst AND Schoultz
    Hurst AND Blaser AND Schoultz
    Paul AND Rosanna AND McClellan
    Hurst AND Heuser
    Hurst AND Dougherty
    Blaser AND Heuser
    Blaser AND Dougherty
    Sohyon OR SK AND retaliation
    Sohyon OR SK AND protected activity
    Sohyon OR SK AND harassment
    Sohyon OR SK AND "hostile work environment"
    Sohyon OR SK AND accommodations
    Sohyon OR SK AND reassignment
    Restructure…

Defendants never confirmed to rerun the search. The current **produced ESI** up to Bates 4427 contains no results for any of those terms, missing "Sohyon and Paul", "Sohyon and Blaser", no text messages, no Teams or other messaging data, for the agreed period through **December 31, 2023**.

The combined ESI productions (Bates 000162–000462 and G000463–G004427) contain hundreds of megabytes of unindexed files with no folder-to-RFP labeling, no custodian identification, and no logical structure, directly violating **Fed. R. Civ. P. 34(b)(2)(E)** and **ECF 66 ¶ C(4).**

## VI. LEGAL AND PROCEDURAL IMPACT & REQUESTED RELIEF

**A. Violations of ECF 66 and the Federal Rules**

Defendants' failure to produce complete comparator files, ESI in organized format, updated privilege log, and privilege materials by **November 7, 2025,** directly violates **¶ C(1)**, **¶ C(3)**, and **¶ C(4)** of **ECF 66**. Their piecemeal, misleading submissions breach Fed. R. Civ. P. 26(g) (false certification) and Rule 34(b) (failure to produce materials within their possession, custody, or control). They have:

- **False Certification and Misrepresentation:** Defendants' claim that "no record exists" for **Shawn McClellan** is disproven by **Bates G002852**, confirming his full-time employment, converted from a contractor status. Plaintiff personally witnessed his onboarding. This false statement violates **Rule 26(g)** and, if knowing, constitutes discovery abuse and potential perjury exposure.

- **Prejudice and Procedural Harm:** Selective, incomplete productions deprive Plaintiff of core evidence on comparator treatment, pay equity, and performance evaluation, central to retaliation, pretext, and discrimination claims. **These omissions impair deposition preparation and trial readiness, warranting remedial action under Rules 37(a) and (b).**

- **Loss of Custodians and Potential Spoliation:** Every principal actor in Plaintiff's reassignment, discrimination, harassment, retaliation, and termination, **Schoultz, Hurst, Blaser, McClellan, Posada, Heuser, and**

    **Martorell**, has since departed Gilbarco Veeder-Root/Vontier. This mass attrition heightens the risk of ESI loss and supports a presumption of negligent **or intentional spoliation** under Rule 37(e). Defendants' silence on preservation protocols **compounds the prejudice.**

- **Pattern of Retaliation and Pretext:** The simultaneous departure of all decision-makers tied to Plaintiff's protected-activity timeline evidence corporate awareness of misconduct. Combined with incomplete HR and investigation records, this pattern undermines credibility and strengthens Plaintiff's showing of retaliatory motive, pretext, and systemic concealment.

## B. Continuing Legal Non-Compliance

- **Violation of Court Orders:** Non-compliance with **ECF 56** and **66** is sanctionable under **Rule 37(b)**.

- **False Certification:** Maintaining outdated or misleading privilege logs violates **Rule 26(g)**.

- **Privilege Waiver:** Repeated failure to substantiate privilege claims after explicit judicial warning warrants waiver (*In re Columbia/HCA Healthcare Corp.*, 293 F.3d 289 (6th Cir. 2002)).

- **Rule 34(b)(2)(E) Violation:** Failure to organize or label documents as required.

- **Prejudice:** Plaintiff has been forced to reconstruct and index unorganized discovery, wasting resources.
- **Bad Faith:** Defendants' serial delays and broken promises reflect intentional obstruction rather than inadvertence.

Defendants' disregard of **ECF 66 ¶ C(4)** and related directives reinforces a sustained pattern of discovery abuse spanning comparator files, privilege-log deficiencies, and ESI violations.

## C. Failure to Provide Certification of Completeness

Under **Rule 26(g)**, Defendants must certify that their discovery responses are complete and correct. No certification or supplementation timeline has been provided. Their ongoing silence violates both the Rule's certification requirement and the duty to supplement under **Rule 26(e)**.

## D. Prejudice to Plaintiff

The withheld ESI covers the critical period of Plaintiff's protected activity initiated in **October 2022** and ensuing retaliation (**May 2022–March 2023**) and includes communications among decision-makers Blaser, Hurst, Heuser, Martorell, Schoultz, Gibson, Doherty, Posada, Ayma, and Steffler. Absent these materials, Plaintiff cannot fully prepare for depositions or summary judgment, **causing concrete litigation prejudice.**

## E. Requested Relief

Plaintiff respectfully requests that the Court:

1. **Find Defendants in non-compliance** with **ECF 66** and the Federal Rules of Civil Procedure;

2. **Order immediate, complete production** of all comparator files, HR investigations, and ESI—requiring Defendants to **re-run all searches using the expanded custodian and term list provided on October 27, 2025**, and to re-produce the results in an **organized, labeled format** consistent with **Rule 34(b)(2)(E)**;

3. **Require Defendants to serve an updated, itemized privilege log** identifying each withheld document with sufficient detail to assess the claim of privilege, and to **produce all non-privileged portions** of the HR investigations. At a minimum, by *in camera* **submission for judicial review, similar to the Lee v. EUSA case**;

4. **Impose sanctions** under **Rules 37(b)** and **26(g)** for false certification, discovery misconduct, and willful non-compliance, including reasonable expenses and fees incurred in preparing and filing this Notice;

    a. **Expense and Fees:** An award of Plaintiff's reasonable expenses and equivalent fees incurred in preparing and filing this Notice;

    b. **Deemed Facts Established**: A finding that comparator and investigation-related facts are deemed established under Rule 37(b)(2)(A)(i);

    **c. Adverse Inference / Spoliation:** An adverse-inference or spoliation presumption under Rule 37(e)(2) for missing or withheld ESI;

    **d. Evidentiary Preclusion:** Evidentiary preclusion barring Defendants from relying on any document or defense not produced in discovery;

    **e. Privilege Waiver:** A determination that privilege assertions over Investigations #22-119, #23-005, and others are waived for failure to substantiate under Rule 26(b)(5)(A); and

    **f. Further Sanctions Warning:** A warning that further non-compliance may result in contempt, evidentiary preclusion, or **default judgment under Rule 37(b)(2)(A)(vi)–(vii)**;

5. **Direct Defendants to certify, under oath,** the preservation and completeness of all ESI and hard-copy materials associated with departed custodians (**Schoultz, Hurst, Blaser, McClellan, Posada, Heuser, and Martorell**) and to describe their data-retention measures in writing; and

6. **Grant a discovery-period extension**, which Defendants support, to ensure Plaintiff receives a meaningful opportunity to review all compelled productions, conduct follow-up discovery, and complete depositions after compliance is achieved.

                                                   **Respectfully submitted,**

/s/ Sohyon Warner
Sohyon Warner, Plaintiff, in Pro Se
2841 Lamplighter Lane
Bloomfield Hills, MI 48304
sohyon.warner@gmail.com
248.210.5504

Dated: November 10, 2025

List of Exhibits:

A: *Comparator Production Summary Chart* (Bates coverage, disparity by RFP and custodian)

B: Case Analysis on Differences (Lee v. EUSA Pharma vs. Warner v. Gilbarco/Vontier)

C: Email Chain (Oct 27–31, 2025) re: Defendants' ESI Production