UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHYON WARNER,

        Plaintiff,

v.

        Case No. 24-12333
        U.S. DISTRICT COURT JUDGE
        GERSHWIN A. DRAIN

GILBARCO, INC.,

        Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF SOHYON WARNER'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [#43]**

## I.  INTRODUCTION

Presently before the Court is Plaintiff Sohyon Warner's Motion for Leave to File Second Amended Complaint [#43] ("Motion for Leave"). Plaintiff seeks to amend her complaint to add Vontier Corporation to this case as a defendant, incorporate additional factual allegations, and add several causes of action. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of this matter. As such, the Court will resolve this motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Plaintiff's Motion

for Leave [#43] is GRANTED IN PART and DENIED IN PART.

**II.     BACKGROUND**

This is an employment discrimination case brought by Plaintiff against her former employer, Gilbarco, Inc. ("Gilbarco"), and its parent company, Vontier Corporation ("Vontier"). Plaintiff, through counsel, filed a complaint in this Court on September 6, 2024, alleging the following causes of action: (1) discrimination on the basis of race and ethnicity, in violation of 42 U.S.C. § 1981 ("Count I"); (2) retaliation, in violation of 42 U.S.C. § 1981 ("Count II"); (3) retaliation and discrimination on the basis of gender, race, national origin, and ethnicity, in violation of Title VII of the Civil Rights Act of 1964 ("Count III"); (4) discrimination on the basis of gender, race, ethnicity, and national origin, in violation of Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") ("Count IV"); and (5) retaliation in violation of ELCRA ("Count V"). Plaintiff filed an Amended Complaint on October 15, 2024, which incorporated additional factual allegations.

On March 12, 2025, the Court entered a Stipulated Order dismissing Vontier from this action without prejudice. The Stipulated Order also tolled the statute of limitations and any applicable contractual limitations period for the claims asserted in Plaintiff's Amended Complaint against Vontier. The tolling period began on the date Plaintiff filed her Amended Complaint and will end at the close of discovery.

On July 22, 2025, Plaintiff's counsel filed a motion to withdraw, citing a

"material breakdown in the attorney-client relationship in terms of communication and trust." ECF No. 26, PageID.118. The Court granted the motion on August 6, 2025. Plaintiff has since proceeded in this case *pro se*, with the exception of an attorney representing her at her deposition.

Plaintiff now moves for leave to file a second amended complaint. She seeks to add Vontier back to this case as a Defendant, incorporate additional factual allegations, and add the following causes of action: (1) discrimination and failure to accommodate, in violation of the Americans with Disabilities Act ("ADA") ("Count VI"); (2) retaliation and hostile work environment, in violation of the ADA ("Count VII"); (3) constructive discharge and wrongful termination, in violation of the ADA ("Count VIII"); (4) age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA") ("Count IX"); (5) retaliation in violation of the ADEA ("Count X"); (6) disability discrimination and retaliation in violation of ELCRA ("Count XI"); and (7) "violation of Michigan public policy protecting employees who oppose discrimination, request accommodations, or raise compliance-related and whistleblowing concerns" ("Count XII"). ECF No. 43-1, PageID.291. Plaintiff did not seek concurrence prior to filing this motion. Defendant Gilbarco opposes the motion.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 assumes "a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (citation omitted). Even so, "[d]enying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Glazer v. Chase Home Fin., LLC*, 704 F.3d 453, 458 (6th Cir. 2013), abrogated on other grounds by, *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (citation omitted). Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

## IV.  ANALYSIS

### A. Plaintiff's Proposed Addition of Vontier to this Case as a Defendant

First, the Court finds that leave should be granted to allow Plaintiff to add Vontier to this case as a defendant. While the parties stipulated to dismiss Vontier,

4

that dismissal was without prejudice, and the Stipulated Order does not otherwise bar Plaintiff from seeking to re-add Vontier to this case at this stage in the proceedings. Indeed, Defendant Gilbarco represents that the Stipulated Order was designed to allow Plaintiff to reassert her claims against Vontier "if discovery shows that Vontier was an entity relevant to Plaintiff's dispute." ECF No. 52, PageID.361. According to Plaintiff, discovery has revealed that Vontier played a role in the acts giving rise to this case. Furthermore, as an original party to this case, Vontier has had ample notice of Plaintiff's claims and the possibility that they may be reasserted against it. For these reasons, Plaintiff's Motion for Leave is GRANTED as it relates to adding Vontier to this case as a defendant.

### B. Plaintiff's Proposed Additional Claims

Next, the Court finds that Plaintiff's Motion for Leave should be denied as it relates to her proposed additional claims. Upon review of Plaintiff's proposed Second Amended Complaint, it is clear that the facts giving rise to these claims were known or reasonably should have been known to her at the time she initiated this lawsuit. "Courts are especially inclined to deny a motion brought under Rule 15 if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for [her] failure to plead them." *Scott v. Bank of America*, No. 12-12864, 2015 WL 13034889, at *1 (E.D. Mich. June 8, 2015) (cleaned up). "When amendment is sought at a late

5

stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459.

Plaintiff attributes the untimeliness of these claims to her prior counsel. She claims her prior counsel filed her First Amended Complaint without her consent, and that this complaint "significantly narrowed Plaintiff's claims and omitted certain . . . legal theories." ECF No. 43, PageID.262. Plaintiff's original complaint, however, did not assert the claims she now seeks to add. To the extent Plaintiff faults her prior counsel for their failure to assert these claims in the first instance, this argument is not well taken. It is axiomatic that litigants are bound by the acts and omissions of their chosen counsel. *Maxwell v. MGM Grand Detroit, LLC*, No. 03-73134, 2007 WL 2050795, at *7 (E.D. Mich. July 16, 2007); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (holding that a litigant who voluntarily chooses an attorney as her representative cannot later "avoid the consequences of the acts or omissions of this freely selected agent" because "any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent"). Plaintiff has not otherwise demonstrated a justification for failing to move to add these claims earlier.

Allowing Plaintiff's proposed claims to proceed at this late stage would cause undue delay. At the time Plaintiff filed the present motion, discovery had been open for nearly ten months, and just days prior, the Court had extended the discovery

6

deadline for a second time to avoid any prejudice caused by the withdrawal of Plaintiff's counsel. Allowing Plaintiff's proposed claims to proceed would necessitate a third extension, which would frustrate the Court's careful management of its docket and impede the timely resolution of the case. Given that these claims could have been raised at the onset of the litigation, the Court is not inclined to extend the discovery cutoff and subsequent deadlines for a third time.

Moreover, allowing Plaintiff's proposed claims to proceed would significantly prejudice Defendants. As this Court has recognized, "[a]n amendment to a complaint prejudices a party where the amendment will require the party to prepare an additional defense strategy and expend additional resources to defend against new claims." *Hamilton v. Williamson*, No. 07-13401, 2009 WL 929918, at *3 (E.D. Mich. Apr. 6, 2009) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973)). Plaintiff's proposed claims are legally distinct from those asserted in her First Amended Complaint. Allowing these claims to proceed at this late stage will significantly increase the effort and expense required for Defendants to defend themselves in this case. For these reasons, Plaintiff's Motion for Leave is DENIED as it relates to her proposed additional claims.

### C. Plaintiff's Proposed Factual Allegations

Lastly, Plaintiff seeks to amend her complaint with additional factual allegations. These proposed additions provide superfluous details to the allegations

7

set forth in Plaintiff's First Amended Complaint. Under Federal Rule of Civil Procedure 8(a), a complaint must contain, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Vector Rsch. Inc. v. Howard & Howard Att'ys, P.C.*, 76 F.3d 692, 697 (6th Cir. 1996) (citation omitted). Plaintiff's proposed factual allegations go well beyond what Rule 8 requires and would thus be futile. Furthermore, permitting these amendments would unnecessarily require Defendants to expend time and resources to respond to these allegations. For these reasons, Plaintiff's Motion for Leave is DENIED as it relates to these additional factual allegations.

In sum, Plaintiff's Motion for Leave is GRANTED only as it relates to adding Vontier to this case as a defendant and DENIED in all other respects.

### D. Local Rule 7.1(a)'s Concurrence Requirement

Plaintiff has repeatedly failed to comply with Eastern District of Michigan Local Rule 7.1(a). Local Rule 7.1(a) requires a movant to seek concurrence from opposing parties prior to filing a motion by conferring with the other parties "in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects

of the matter that can be resolved without court intervention." E.D. Mich. L.R. 7.1(a)(1). It is a mandatory directive of the Local Rules of this Court, and failure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested. *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. Mar. 26, 2009); *see also Tubbs Bros., Inc. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451, at *1 (E.D. Mich. Jul. 27, 2012) ("It is not up to the Court to expend its energies when the parties have not sufficiently expended their own.").

Plaintiff, while proceeding *pro se*, is expected to adhere to the Local Rules. Moving forward, prior to filing a motion, she must confer with Defendants in good faith. In the motion, she shall explain her good faith efforts to obtain concurrence and state whether Defendants concur in the relief sought. The Court will automatically strike any future motion that fails to comply with this directive.

## V.     CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to File Second Amended Complaint [#43] is GRANTED IN PART and DENIED IN PART.

SO ORDERED.


Dated: December 4, 2025                    /s/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 4, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager