# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOHYON WARNER, | |
|       Plaintiff, | Case No. 24-12333 |
| v. | |
| | Hon. Gershwin A. Drain |
| GILBARCO, INC., GILBARCO, INC. (d/b/a GILBARCO VEEDER-ROOT) and VONTIER CORPORATION | Mag. Judge Anthony P. Patti |
|       Defendants. | |

| | |
|---|---|
| Sohyon Warner | Richard W. Warren (P63123) |
| Plaintiff, *Pro Se* | Lauren D. Harrington (P85545) |
| 2841 Lamplighter Lane | OGLETREE DEAKINS, PLLC |
| Bloomfield Hills, MI 48304 | *Attorneys for Defendants* |
| Sohyon.warner@gmail.com | 34977 Woodward Avenue, Ste. 300 |
| 248-210-5504 | Birmingham, MI 48009 |
| | 248-593-6400 |
| | richard.warren@ogletree.com |
| | lauren.harrington@ogletree.com |

**PLAINTIFF'S ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Now comes Plaintiff Sohyon Warner, appearing pro se, and for her Answers to Defendants' Second Set of Interrogatories, states as follows:

**INTERROGATORIES**

1. Please state whether you have used any artificial intelligence application, software, resource or chatbot in connection with this lawsuit in any way, and, if so, please identify them, including the name, web address, date accessed, and brief summary explaining exactly what you have used these tools.

1

**ANSWER:** **Objection. This interrogatory is vague, overbroad, irrelevant, disproportionate to the needs of the case, unduly burdensome, harassing, and seeks information protected by the work product doctrine. Plaintiff's use of research tools or litigation support applications is not discoverable. No response will be provided.**

2. Please list all queries (i.e. searches) you have entered into any artificial intelligence application, software, resource or chatbot that relates to, touches upon or concerns this lawsuit, your claims in it, or filings made by Plaintiff or Defendant in this litigation. Please include any modifications you made to those queries in order to obtain your desired results.

**ANSWER:** **Objection. This interrogatory is vague, overbroad, irrelevant, unduly burdensome, harassing, and seeks information protected as work product. No response will be provided.**

3. Please identify all documents, emails and things that you have uploaded to any artificial intelligence application, software, resource or chatbot that relates to, touches upon or concerns this lawsuit, your claims in it, or filings made by Plaintiff or Defendant in this litigation.

**ANSWER:** **Objection. This interrogatory is vague, overbroad, irrelevant, harassing, and seeks information protected as work product. To the extent Plaintiff uploaded any materials into web-based research tools, such documents are either already in Defendants' possession or were produced in prior discovery. No additional information will be provided.**

4. Please list all responses and output you received as a result of your queries (i.e. searches) set forth in Interrogatory No. 2.

**ANSWER:** **Objection. This interrogatory is vague, overbroad, irrelevant, harassing, and seeks information protected as work product. No response will be provided.**

5. Please describe all time spent representing yourself in this litigation, including tasks performed, the date the task was performed and time (minutes/hours) spent on each task.

**ANSWER: Objection. This interrogatory is irrelevant, harassing, and disproportionate to the needs of the case. Plaintiff, as a pro se litigant, does not seek attorney's fees or compensation for time spent on this litigation, and such information is not discoverable under Rule 26(b)(1). No response will be provided.**

6. Describe all notes that you have taken regarding this Lawsuit, your claims in it, your employment at Gilbarco and identify the date the notes were taken, what they concern and how many pages each set of notes consist of.

**ANSWER: Objection. This interrogatory seeks attorney–client privileged and work product–protected materials reflecting Plaintiff's mental impressions and case strategy. No response will be provided.**

7. Describe with specificity all actions you have taken to mitigate the damages you claim in this lawsuit, from the date of your separation to the present. Your answer shall include, at a minimum:

   a) Job applications: For each position sought, identify the employer, position title, location (city/state or remote), method of application, date(s) submitted, follow-up efforts (with dates), response(s) received, interview(s) (date(s) and interviewer(s)), any offer (terms, compensation, start date, conditions), and your decision and reason(s) for accepting or declining.
   b) Recruiters and networking: Identify all recruiters, agencies, referrals, networking events, or professional contacts used, with dates and outcomes.
   c) Training/education: Identify any courses, certifications, licensing, or retraining pursued (provider, subject, dates, cost), and explain how each relates to mitigation.
   d) Gig, contract, or temporary work: Identify each engagement (company/client, role, dates, hours, compensation, and whether ongoing).
   e) Self-employment/entrepreneurial efforts: Identify the business or trade name, nature of services/products, dates of operation, clients/customers, gross revenues, expenses, and net income by month.
   f) Benefits and other income: Identify all applications for or receipt of unemployment, disability, severance, or other income or benefits (type, dates, amounts, status).
   g) Additional mitigation: Identify any other steps taken to obtain income or reduce losses (e.g., relocation efforts, resume updates, job boards used), with dates and results.

For each category above, identify all documents and communications that support your answer

3

(e.g., applications, resumes, offer letters, emails, invoices, receipts, tax forms) and where they may be found.

**ANSWER:** **Objection. This interrogatory is overbroad, unduly burdensome, and seeks information duplicative of prior discovery requests concerning mitigation. Plaintiff has already provided information and documents regarding mitigation efforts in prior interrogatory responses and productions. Plaintiff refers Defendants to those materials and will not provide additional detail beyond what has already been produced.**

                          **Respectfully submitted,**

                          **/s/ Sohyon Warner**
                          **Sohyon Warner, Pro Se Plaintiff**
                          2841 Lamplighter Lane
                          Bloomfield Hills, MI 48304
                          Email: sohyon.warner@gmail.com
                          Phone: 248-210-5504

                          Dated: October 23, 2025