# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOHYON WARNER,

           Plaintiff,           Case No. 24-12333

v.

                                                     Hon. Gershwin A. Drain

GILBARCO, INC., GILBARCO, INC.      Mag. Judge Anthony P. Patti
(d/b/a GILBARCO VEEDER-ROOT)
and VONTIER CORPORATION

           Defendants.

---

Sohyon Warner                             Richard W. Warren (P63123)
Pro Se                                         Lauren D. Harrington (P85545)
2841 Lamplighter Lane              OGLETREE DEAKINS, PLLC
Bloomfield Hills, MI 48304          *Attorneys for Defendants*
TEL: (248) 210-5504                 34977 Woodward Avenue, Ste. 300
sohyon.warner@gmail.com          Birmingham, MI  48009
                                                      248-593-6400
                                                      richard.warren@ogletree.com
                                                      lauren.harrington@ogletree.com

---

**PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND REQUEST
FOR PRODUCTION OF DOCUMENTS**

Now comes Plaintiff Sohyon Warner, appearing pro se, and for her Responses to

Defendants' Second Request for Production of Documents, states as follows:

1

**REQUEST FOR PRODUCTION**

1. Please produce all notes (handwritten and typed) that you have made and kept related to this litigation from March 30, 2023 to date.

**ANSWER: Objection. This request seeks information protected by the attorney–client privilege and the work product doctrine. Plaintiff's litigation notes reflect mental impressions, strategy, and case preparation, which are not discoverable under Fed. R. Civ. P. 26(b)(3). No non-privileged responsive documents exist.**

2. Please produce all notes you have made and kept related to your employment with Defendants from March 30, 2023 to date.

**ANSWER: Objection. This request is vague, irrelevant, not proportional to the needs of the case, and seeks information protected by the work product doctrine. No documents will be produced.**

3. Produce copies of all queries that you have submitted to Chat-GPT, Claude, Gemini, Perplexity or any other artificial intelligence application, resource or chatbot regarding: (a) your employment at Gilbarco, (b) your claims in this lawsuit, (c) your communications with Ogletree Deakins, (d) your communications with your former lawyers after their representation of you ended, and (e) pleadings or notices that you have filed in this lawsuit.

**ANSWER: Objection. This request is vague, overbroad, unduly burdensome, harassing, irrelevant, and seeks information protected as work product. Plaintiff's use of research tools or litigation support resources has no bearing on any claim or defense in this case. No documents will be produced.**

4. Produce copies of all responses to queries that you have submitted to Chat-GPT, Claude, Gemini, Perplexity or any other artificial intelligence application, resource or chatbot

regarding: (a) your employment at Gilbarco, (b) your claims in this lawsuit, (c) your communications with Ogletree Deakins, (d) your communications with your former lawyers after their representation of you ended, and (e) pleadings or notices that you have filed in this lawsuit.

**ANSWER: Objection. This request is vague, overbroad, irrelevant, harassing, and seeks information protected as work product. Plaintiff's use of research tools or litigation support resources is not discoverable. No documents will be produced.**

Produce copies of all documents that you have submitted to Chat-GPT, Claude, Gemini, Perplexity or any other artificial intelligence application, resource or chatbot regardings(a) your employment at Gilbarco, (b) your claims in this lawsuit, (c) your communications with Ogletree Deakins, (d) your communications with your former lawyers after their representation of you ended, and (e) any pleadings or notices that you have filed in this lawsuit.

**ANSWER: Objection. This request is vague, overbroad, irrelevant, harassing, and seeks information protected as work product. To the extent Plaintiff uploaded any materials into web-based research tools, such documents are either already in Defendants' possession or were produced in prior discovery. No additional production will be made.**

5. Please produce all emails, correspondence and documents you have sent to your former attorneys since your attorney-client relationship ended. (See ECF No. 34 Order Granting Motion for Leave to Withdraw as Counsel, August 6, 2025).

**ANSWER: Objection. This request seeks documents and communications protected by the attorney–client privilege and the work product doctrine. Plaintiff will not produce privileged communications with former counsel. To the extent this request seeks non-privileged documents, none exist that are responsive and relevant to this case.**

        **Respectfully submitted,**

        **/s/ Sohyon Warner**
        **Sohyon Warner, Pro Se Plaintiff**
        2841 Lamplighter Lane
        Bloomfield Hills, MI 48304
        Email: sohyon.warner@gmail.com
        Phone: 248-210-5504

        Dated: October 23, 2025