# EXHIBIT 4

| | |
|---|---|
| **From:** | Warren, Richard W. |
| **To:** | Wonder |
| **Cc:** | Harrington, Lauren D. |
| **Subject:** | RE: Meet and Confer requested |
| **Date:** | Thursday, December 4, 2025 3:00:29 PM |

Hi Ms. Warner –

Given that you have declined to participate in a meet and confer on these topics, as the Court and Federal Rules require you to do, I will set forth a summary of my basis for a Motion to Compel below, for your consideration:

- In our Second Set of Interrogatories, we asked you to provide information regarding: (a) whether you have used any artificial intelligence application and, if so, to identify which one and to provide a brief summary regarding your use of those tools; (b) all queries or searches you made into such tools; (c) all documents that you've uploaded to such tools; (d) all responses to such queries; (e) all time you have spent representing yourself in this litigation; and (f) all notes you have taken regarding this matter;

- We also served a Second Set of Document Requests on you, which asked for the same categories of documents as the information set forth above. We also asked you to produce all communications you've sent to your former attorneys since their representation of you ended;

- You objected to every single one of the above requests, and refused to provide any responsive information or documents at all. You objected to most of those requests as being covered by the work product doctrine, and others by that doctrine and the attorney-client privilege;

- You are not a lawyer, and therefore cannot claim an attorney-client privilege as to items, documents and things that you have created. All of the items set forth above are relevant because the queries you have submitted could contain facts that are relevant, admissions that you have engaged in making and that could be used against you in litigation. You have not cited any legal precedent supporting your position that a pro se Plaintiff who is not a lawyer can assert the work product doctrine and the attorney-client privilege. Further, even assuming for the sake of argument that you held a privilege or work product protection, by sending those messages, documents and information to a publicly-accessible tool operated by a third-party, you have effectively waived any such privilege or right to claim a work product protection. That is no different than if you had mailed the messages and documents to OpenAI's main office, or had sent them to a friend you went to college with;

- Further, the existence of an attorney-client privilege or work product doctrine depends on whether you have a lawyer-client relationship. Given that you are pro se, there is no lawyer-client relationship and therefore no privilege or protection. Moreover, OpenAI is not your lawyer (nor is Chat-GPT) and therefore "advice" or answers you are receiving from your searches are not protected and are discoverable;

- You have no basis to withhold communications sent to your former attorneys <u>after</u> their representation of you ended. These communications cannot possibly be covered by any

- privilege, and they could reveal facts or admissions that directly go to the heart of your claims and the defenses we assert;

- We will also advise the Court that the identity of documents you've uploaded to ChatGPT or another such tool is not privileged or protected at all. That is no different than my asking you which documents you reviewed in preparation for your deposition, which is also not privileged;

- Also, time you spent representing yourself is directly relevant to your economic damages, as all time you spend representing yourself is time for which you cannot perform work or search for alternative employment. Therefore, you cannot recover economic damages for that period of time;

- Your citation to FRCP 26(b)(3) is misplaced. None of the information and documents you are withholding were "prepared in anticipation of litigation" nor are they trial preparation materials, as we remain in the discovery phase of litigation, and the Court has made no rulings as to what claims and issues, if any, will remain for trial. Further, that rule applies to materials and information prepared by counsel, and you are not an attorney. For that independent reason, it is inapplicable to you;

- Finally, although you have claimed broad, sweeping and unrecognized privileges, you refuse to provide us with a privilege log that would give us, or the Court, any insight into the nature of the documents you are withholding, who they were sent to, the date of those communications and the basis for you to withhold them. This is very, very surprising given that you have filed multiple Motions to compel Defendant to provide a privilege log, and to provide more and more information regarding withheld documents.

Please let us know if you will produce all, or part of, the information requested in our Second Set of Discovery requests to you. If you do not, we will file a Motion to Compel you to do so.

Thank you,

Richard

**Richard W. Warren | Ogletree Deakins, PLLC**
34977 Woodward Avenue, Suite 300 | Birmingham, MI 48009 | Telephone: 248-631-3679 | Mobile: 586-337-3023
richard.warren@ogletree.com | www.ogletree.com | Bio

**From:** Wonder <sohyon.warner@gmail.com>
**Sent:** Thursday, December 4, 2025 1:39 PM
**To:** Warren, Richard W. <richard.warren@ogletree.com>
**Cc:** Harrington, Lauren D. <lauren.harrington@ogletreedeakins.com>
**Subject:** Re: Meet and Confer requested

[Caution: Email received from external source]

Mr. Warren,

At this time, I do not see a basis for a meet and confer on the issue you raised. As a matter of law, AI is not a third party. It is an automated software tool, functionally equivalent to a calculator or a word-processing algorithm. Use of a non-sentient, non-human tool does not constitute disclosure to a third party and does not waive either privilege or work-product protection.

As I stated in my deposition, my internal litigation research, strategy development, and drafting processes are protected opinion work product under Rule 26(b)(3) and are not discoverable. Because they are not responsive and not discoverable, they are not required to be logged.

Separately, please confirm whether Defendants remain committed to completing the Court-ordered discovery production in an organized, Rule-compliant form by December 5 (this Friday). Organization and completeness are specific requirements imposed by the Court and are necessary for me to proceed.

Regards,
Sohyon Warner


On Tue, Dec 2, 2025 at 9:29 AM Warren, Richard W. <richard.warren@ogletree.com> wrote:

> Hi Ms. Warner –
>
> Please let me know your availability to conduct a Teams meet and confer – this Friday – to discuss your lack of a privilege log, and lack of producing any responsive information to our interrogatories and document requests seeking your generative AI queries, prompts, results and related documents. These items are relevant and responsive to our second set of discovery requests.
>
> Thank you,
>
> Richard
>
> **Richard W. Warren | Ogletree Deakins, PLLC**
> 34977 Woodward Avenue, Suite 300 | Birmingham, MI 48009 | Telephone: 248-631-3679 | Mobile: 586-337-3023
> richard.warren@ogletree.com | www.ogletree.com | Bio
>
> *This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*