# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SOHYON WARNER,

    Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(d/b/a GILBARCO VEEDER-ROOT)
and VONTIER CORPORATION

    Defendants.

Case No. 24-cv-12333

Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

| | |
|---|---|
| Sohyon Warner<br>Plaintiff, *Pro Se*<br>2841 Lamplighter Lane<br>Bloomfield Hills, MI 48304<br>Sohyon.warner@gmail.com<br>248-210-5504 | Richard W. Warren (P63123)<br>Lauren D. Harrington (P85545)<br>OGLETREE DEAKINS, PLLC<br>*Attorneys for Defendants*<br>34977 Woodward Avenue, Ste. 300<br>Birmingham, MI  48009<br>248-593-6400<br>richard.warren@ogletree.com<br>lauren.harrington@ogletree.com |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION TO COMPEL AND REQUEST FOR SANCTIONS

I. **Introduction.**

Plaintiff's Response confirms the core points of Defendants' Motion: Plaintiff admits she used ChatGPT to upload case-related materials and draft filings; refuses to produce the associated prompts, uploads, and outputs pursuant to the work product doctrine; and declines to provide a privilege log despite claiming the work product protection (*even though she currently maintains a Motion claiming that Defendants' privilege log is inadequate*). Further, Plaintiff refuses to sign narrowly tailored medical authorizations even though she asserts claims for emotional-distress damages. As explained more fully below, Plaintiff lacks support for all of these positions and fails to set forth any viable defense to avoid disclosure of the requested material and privilege log.[1]

II. **Defendants' Motion Is Timely And Proper Given Plaintiff's Deposition Admissions And Prompt Meet-and-Confer Efforts.**

Defendants could not have brought this motion to compel before the December 5, 2025, close of discovery. During Plaintiff's deposition on November 25, 2025, Defendants elicited Plaintiff's admissions that she uploaded emails and other case

---

[1] Notably, while Plaintiff accuses Defendants of bypassing Local Court Rule 7.1 procedures (which is entirely false as set forth in Defendants' Motion and below describing efforts made to resolve the dispute in advance of filing the Motion), Plaintiff's Response itself fails to comply with Rule 7.1(d). (See ECF No. 86). Plaintiff's Response fails to include a statement of issues presented and a statement of controlling and most appropriate authority. Plaintiff's Response is also over the 25-page limit and includes signatures on the 26th page, contrary to the Rule. The Court has already warned Plaintiff that her failure to comply with the Local Rules could result in future filings being struck from the record. (ECF No. 66, PageID. 627, 632). At this point, it is clear that Plaintiff completely disregards those Rules, and the Court should take no further action to warn Plaintiff but to in fact Strike her Response in its entirety.

materials to ChatGPT "many times," that prompts and outputs exist, and that she even deleted some records. This was information directly responsive to Defendants' second set of written discovery to Plaintiff, that she initially objected to providing. (ECF No. 80-3, Interrogatories, and ECF No. 80-4, Document Requests). Instead of pursuing a motion to compel adequate responses at the time Plaintiff initially objected (given Plaintiff's many pending discovery motions at the time), Defendants utilized Plaintiff's deposition (which occurred on a date selected by the Court and parties during a prior hearing) to verify that Plaintiff in fact had responsive information in her possession, and the precise nature and likely volume of that information. After Plaintiff's deposition, Defendants attempted to resolve the issue without involving the Court. Defendants requested production and/or a privilege log within seven days of Plaintiff's deposition.  Plaintiff refused to provide a privilege log even though she asserted protections that, under controlling law, must be asserted on a privilege log. Defendants sought to meet and confer with Plaintiff between December 2–4, Plaintiff refused to meet and confer at all, forcing Defendants to file the instant motion on December 23, 2025. (ECF No. 80-2, PageID. 839, Plaintiff's Dep., pg. 21:19-22:4; ECF No. 80-2, PageID. 864, Plaintiff's Dep., pg. 119:16-120:1; ECF No. 80-5, PageID.882-884, December 2-4, 2025, Email Chain). These events span the last ten days of discovery and immediately thereafter, reflecting diligence and necessity.

Plaintiff acknowledges the same sequence but attempts to recast it as an "improper attempt to reopen discovery." Defendants are not seeking to reopen

2

discovery but are rather only seeking a limited subset of information, responsive to their written discovery that was served well before the discovery cutoff, for which Defendants did not know responsive information existed until Plaintiff's deposition. Like the circumstances described in *Richmond Main, LLC v. Frenchtown Square P'ship*, No. 4:24-cv-12106, 2025 U.S. Dist. LEXIS 143943, at *3 (E.D. Mich. July 28, 2025) where the Court granted a motion to compel that came two months after the close of discovery, for limited information that became relevant at the end of discovery and after Defendant tried to informally resolve the issue with Plaintiff, there is good cause to compel this information. Plaintiff has not offered any viable example as to how she's been prejudiced by the filing of Defendants' Motion on December 23rd. Plaintiff was fully aware Defendants were seeking this information and that they were going to involve the Court as a last resort to obtain it. (ECF No. 80-5, PageID.882-884).

Plaintiff cannot claim that she relied on the Court's October 30, 2025, Order at ECF No. 66 to absolve her from the responsibility for providing information responsive to Defendants' second set of written discovery concerning generative AI. That Order only addressed the parties' dispute over the protective order and the uploading of confidential materials to generative AI platforms. (ECF No. 66, PageID. 628). The Order did not address whether Plaintiff had to produce information responsive to Defendants' second set of discovery requests, because such a request was not pending before the Court at the time it issued the Order.

Further, Defendants did not agree to withdraw their second set of written

3

discovery concerning Plaintiff's use of generative AI in this lawsuit, in exchange for Plaintiff agreeing to the protective order language. Plaintiff's email at ECF No. 86-1, PageID. 942, does not reflect that Defendants no longer cared to pursue the generative AI information. In fact, that email is from October 17, 2025, which was several days before Defendants even received responses/objections to their second set of written discovery from Plaintiff. (ECF No. 80-3, Interrogatories, and ECF No. 80-4, Document Requests). Accordingly, Plaintiff's argument is wholly unsupported by the record. Defendants' Motion was filed as soon as reasonably practicable, and the requested relief does not prejudice Plaintiff in any way.

### III. Plaintiff's *Pro Se* "Work-Product" Theory Fails; At Minimum, A Rule 26(b)(5)(A) Log Is Required.

Defendants' Motion, premised on their second set of written discovery, primarily seeks all documents and information concerning Plaintiff's use of AI tools in connection with this lawsuit, including: all prompts/queries submitted; all documents, emails, text, or data uploaded or input to any AI tool; all outputs/responses received; all account activity logs, usage histories, and exportable chat histories or archives reflecting any of the foregoing. Plaintiff's claim that this information is not discoverable and is work product that contains her mental impressions is not applicable given her *pro se* status. Even assuming for the sake of argument that she has such protections, she waived them by submitting the information and documents to a third party, *i.e.*, OpenAI, which operates Chat-GPT.

Plaintiff miscites FRCP 26(b)(3)(B) and her reliance is misplaced. That Rule specifically says that the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories **of a party's attorney or other representative concerning the litigation**." (emphasis added). Plaintiff is not an attorney or attorney representative. As explained in *Harrison v. Whole Foods Mkt., Inc.,* No. 20-cv-04867-JSW (TSH), 2025 U.S. Dist. LEXIS 218462, at *4 (N.D. Cal. Nov. 5, 2025) (citing *United States v. Nobles,* 422 U.S. 225, 238-39 (1975)), the protection simply does not extend to a self-represented litigant.

Plaintiff claims that no responsive documents exist, but this is only because Plaintiff has yet to download and print off the pages within ChatGPT that show her prompts, outputs, and documents uploaded, etc. Just as with any other electronically stored information, it can be exported to document form, which is what Defendants' second set of discovery requests ask for and what Plaintiff is obligated to provide.

Even if these materials are subject to any qualified protection, Plaintiff must log what she has withheld so Defendants and the Court can assess scope and resolve disputes. Plaintiff expressly refuses to provide a log, even though Courts in this District have required logs for asserted work product of *pro se* Plaintiffs, on the basis that no documents exist. *See Dassault Systemes, SA v. Childress,* No. 09-10534, 2013 U.S. Dist. LEXIS 202983, at *8 (E.D. Mich. Nov. 22, 2013) (where the Court ordered the *pro se* Defendant to prepare a privilege log for the documents claimed to be work product). However, as explained above, records do exist and would be available if Plaintiff

5

downloaded them from her ChatGPT account. *See Williams v. Hawn*, No. 1:21-cv-446, 2022 U.S. Dist. LEXIS 252171, at *3 (W.D. Mich. Aug. 26, 2022) ("The concept of custody or control is a broad one: Information is deemed to be within a party's custody or control 'if the party has… the legal right to obtain the documents on demand.'")

### IV.  ChatGPT Is Not Merely A Drafting Tool And Disclosure Waives The Work Product Protection.

Plaintiff asserts that using a "password-protected software interface" is not disclosure to a third party.  However, she cites no legal support for that position, and Defendants could not locate any. Submitting queries to ChatGPT is analogous to Plaintiff calling up a third-party, non-spouse family member and discussing the lawsuit with him or her.  If Plaintiff discussed "privileged" matters with that family member, any such privilege would have been waived. Plaintiff's argument also ignores a threshold issue: Plaintiff has not established any valid privilege or protection over the materials she used.

In any event, Plaintiff's attempt to analogize ChatGPT to a mere offline drafting tool[2] elides the fact that she "uploaded emails and materials" to a third-party platform and that records of those uploads exist. Discovery into the existence, scope, and content of those materials is proportionate and relevant to test fabrication, inconsistencies, sourcing, and completeness, particularly where Plaintiff concedes deleting documents.

---

[2] The ChatGPT landing page does not describe itself as a "drafting tool."  Instead, it states "Get Answers. Find Inspiration.  Be More Productive" and states that it has "thinking built in." *See* https://chatgpt.com/overview/

Further, ChatGPT is not simply a drafting tool. It evaluates uploaded data and performs detailed analysis in response to whatever prompt or question asked. If anything, requested materials may reflect the "mental impressions" and "thought processes" of ChatGPT, not Plaintiff's mental impressions. Accordingly, any work product protection was very well waived through Plaintiff's use of ChatGPT.

### V. Plaintiff Never Produced Any Medical Authorizations.

Plaintiff's assertion that she previously executed a "limited" authorization is untrue and insufficient. Defendants never received a medical authorization from Plaintiff's former counsel. Defendants have addressed missing authorizations with Plaintiff for several months. If she had ever executed a limited authorization, she would simply provide it to Defendants as dated, but she refuses because she never produced it to begin with.

Respectfully submitted,
/s/Richard W. Warren
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Ste. 300
Birmingham, MI  48009
248-593-6400
richard.warren@ogletree.com
lauren.harrington@ogletree.com

Dated: January 13, 2026

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 13, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys and parties of record.

                                  /s/Richard W. Warren
                                  Richard W. Warren (P63123)
                                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
                                  *Attorneys for Defendants*
                                  34977 Woodward Avenue, Suite 300
                                  Birmingham, MI  48009
                                  (248) 593-6400
                                  richard.warren@ogletree.com