UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHYON WARNER,

    Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(*d/b/a* GILBARCO VEEDER-ROOT), and
VONTIER CORPORATION,

    Defendants.

_____/

Case No. 2:24-cv-12333

District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS BASED ON NON-COMPLIANCE WITH A COURT ORDER (ECF No. 68), GRANTING IN PART, DENYING IN PART, AND DEEMING WITHDRAWN IN PART DEFENDANTS' MOTION TO COMPEL (ECF No. 80), and STRIKING THE NON-JOINT STATEMENT (ECF No. 89)</u>**

**A.    Pending Matters**

On August 28, 2025, the Court entered an amended scheduling order, which set the fact discovery deadline for December 5, 2025. (ECF No. 41.)  To date, the Undersigned has handled several discovery-related motions (*see*, *e.g.*, ECF No. 45, 47, 48, 49, 50) via orders dated September 26, 2025 (ECF No. 56) and October 30, 2025 (ECF No. 66).

Currently pending before the Court are:  (1) Plaintiff's November 10, 2025 notice of Defendants' non-compliance with the Court's October 30, 2025 order and request for sanctions under Fed. R. Civ. P. 37 (ECF No. 68), as to which

1

Defendants filed a response (ECF No. 73), and Plaintiff filed a reply (ECF No. 77); and, (2) Defendants' December 23, 2025 motion to compel and request for sanctions (ECF No. 80), as to which Plaintiff has filed a response (ECF No. 86) and Defendants have filed a reply (ECF No. 87). Additionally, the parties have filed statements of resolved and unresolved issues. (*See* ECF Nos. 89, 90.)[1]

Judge Drain has referred each of these motions to me for hearing and determination (ECF No. 69, 81). The Undersigned conducted a video status conference on January 12, 2026. (ECF Nos. 85, 93.) Pursuant to the Court's January 13, 2026 notice, Plaintiff, on her own behalf, and defense counsel (Attorney Richard W. Warren) appeared on February 5, 2026 in person for a hearing on these motions. (ECF Nos. 82, 88.)

**B.  Order**

    **1.  Plaintiff's motion (ECF No. 68) is DENIED.**

Upon consideration of the motion papers and the parties' arguments and representations at the hearing, and for all the reasons stated on the record by the

---

[1] Plaintiff's "notice" (ECF No. 68) has been treated as a motion. The usual path to gaining relief from the Court is to file a motion, and notices are generally not permitted unless previously requested by the Court (*e.g.*, ECF No. 51); more often than not, they are stricken. Plaintiff is cautioned about filing notices going forward, as she has, on more than one occasion, filed unauthorized "notices" on the docket. (*See, e.g.,* ECF No. 58, 68.) Also, Plaintiff's emergency supplement (ECF No. 72) was stricken pursuant to the Court's November 26, 2025 text-only order. Finally, at the February 5, 2026 motion hearing, the Court struck the non-joint statement (ECF No. 89) from the record.

2

Court, <u>which are hereby incorporated by reference as though fully restated herein,</u> Plaintiff's motion (ECF No. 68) is **DENIED** as set forth in the prayer for relief (*see* ECF No. 68, PageID.662-663 ¶¶ 1-6.):

- To the extent Plaintiff asked the Court to "[f]ind Defendants in non-compliance with ECF 66 and the Federal Rules of Civil Procedure[,]" the motion is **DENIED**. *Inter alia*, the Court agrees that Defendants complied with the direction regarding <u>Bates ranges 162-462</u> (*see* ECF No. 66, PageID.630 ¶ 4), when it submitted its November 7, 2025 supplemental response (*see* ECF No. 73, PageID.735; ECF No. 73-1). To the extent that Defendants provided additional information after Court-ordered deadlines, the Court is satisfied that it did so in compliance with its duty to supplement under Fed. R. Civ. P. 26(e).

- To the extent Plaintiff asks Defendants to "[o]rder immediate, complete production of all comparator files, HR investigations, and ESI—requiring Defendants to re-run all searches using the expanded custodian and term list provided on October 27, 2025, and to re-produce the results in an organized, labeled format consistent with Rule 34(b)(2)(E)[,]" the motion is **DENIED**. Defense counsel, as an officer of the Court, provided answers to the Court's extensive questioning on this subject, and the Court is satisfied that Defendants have produced the comparator files (*see* ECF No. 68, PageID.651-653) within their

3

"possession, custody, or control[,]" Fed. R. Civ. P. 34(a)(1); thus, there is nothing for the Court to order. The two investigation reports listed in the privilege log will be addressed below.

Although not spelled out in her prayer for relief, Plaintiff complains that Defendants' production of Bates range 463-4427 on October 27, 2025 and November 7, 2025 did not comply with the Court's October 30, 2025 order (ECF No. 66). (ECF No. 68, PageID.656-658). However, Defendants' November 7, 2025 supplemental response reads: "Not long before Plaintiff's counsel withdrew their representation, Defendants agreed to run an ESI search with specific search parameters—date range: December 1, 2021 to December 31, 2023—custodians: Ivan Ayma, Emily Heuser, Rosanna Hurst and Robert Steffler—and the search terms below[,]" below which appears a list of search terms. (ECF No. 73-1, PageID.754.) Immediately below the chart of search terms, Defendants state: "As a result of this search, see documents at Bates Nos. G000463-1378 and G001379-4427." (ECF No. 73-1, PageID.754 [No. 16].) The Court finds that this suffices and complies with its prior order.

- To the extent Plaintiff asked the Court to "[r]equire Defendants to serve an updated, itemized privilege log identifying each withheld document with

4

sufficient detail to assess the claim of privilege, and to produce all non-privileged portions of the HR investigations[,]" the motion is **DENIED**.  Instead, the Court performed Plaintiff's suggested *in camera* review.  Having considered the two investigation reports listed on Defendants' November 21, 2025 privilege log (ECF No. 73-3), one by compliance counsel Kathy Martorell dated March 3, 2023 (*see* ECF No. 73-6) and the other by compliance investigator Kate S. Gibson dated December 14, 2022 (*see* ECF No. 73-4), along with the declarations filed in support of privileges with respect to those two documents, one by Kate Gibson, Esq. (ECF No. 73-5) and the other by Kathy Hunt, Esq. (ECF No. 73-7), the Court concludes these investigations and the reports they generated were done in anticipation of litigation, both subjectively and objectively, as opposed to the ordinary course of business.  *See*, *e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 386 (1981); *Lee v. EUSA Pharma US LLC*, No. 2:22-CV-11145, 2024 WL 250064 (E.D. Mich. Jan. 23, 2024) (Patti, M.J.) (order after in camera review); *United States v. Nobles*, 422 U.S. 225, 238–39 (1975) ("the doctrine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself.").  Because these documents are protected by both the attorney-client privilege and the work product doctrine, the Court will not order their production.  Although Plaintiff argued that any factual accounts given in those reports should be produced, the Court extensively questioned defense counsel at the hearing and

is satisfied that no witnesses interviewed by in-house counsel gave written, recorded, sworn, or transcribed verbatim statements. As this Court has noted, "even attorney interview notes of fact witnesses (if any exist), which are inevitably funneled through the attorney-interviewers' ears, minds, fingers and/or voices (if dictated), are also protected as work product and, thus, not discoverable." *Lee*, 2024 WL 250064, at *4. *See In re General Motors LLC Ignition Switch Lit.*, 80 F.Supp.3d 521, 532 (S.D.N.Y. 2015) ("[i]nterview notes and memoranda produced in the course of ... internal investigations have long been considered classic attorney work product.") As the Supreme Court has explained: "Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes . . . ." *Upjohn*, 449 U.S. at 399 (citation omitted). *See also United States v. One Tract of Real Prop. Together With all Bldgs., Improvements, Appurtenances & Fixtures*, 95 F.3d 422, 427 (6th Cir. 1996); 6 *Moore's Federal Practice* § 26.70[2][a] (Matthew Bender 3d ed.) ("Thus, while the facts themselves are not privileged, a chart or other compilation of facts may be protected as work product.").[2] The Court confirmed that Plaintiff was provided with all of the names of the people

---

[2] This is in contrast with *government* documents protected by the *deliberative process privilege*, where factual summaries may be discoverable because they are not "deliberative." *See EEOC v. Peoplemark, Inc.*, No. 1:08-cv-907, 2010 WL 748250, at *2 (W.D. Mich. Feb. 26, 2010).

interviewed by in-house counsel in the internal investigation, and, though she had the opportunity to depose them to obtain whatever factual information they had, she did not.

- To the extent Plaintiff asked the Court to "[i]mpose sanctions under [Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 26(g)] . . . [,]" such as assessing expenses and fees, deeming facts established, imposing an adverse inference / spoliation, imposing an evidentiary preclusion, deeming a privilege waived, or providing a warning of further sanctions, the motion is **DENIED**;

- To the extent Plaintiff asked the Court to "[d]irect Defendants to certify, under oath, the preservation and completeness of all ESI and hard-copy materials associated with departed custodians (Schoultz, Hurst, Blaser, McClellan, Posada, Heuser, and Martorell) and to describe their data-retention measures in writing[,]" the motion is **DENIED**, as that certification was given on the record in open court; and,

- To the extent Plaintiff sought an extension of the discovery period "to ensure Plaintiff receives a meaningful opportunity to review all compelled productions, conduct follow-up discovery, and complete depositions after

7

compliance is achieved[,]" the motion is **DENIED**.  For example, although Plaintiff claims to have requested depositions of Human Resources (HR) in September 2025, she never took a deposition, purportedly because she did not have related documents.  She also never sought to compel that deposition at any time, let alone within the discovery period.  Nonetheless, defense counsel confirmed that Plaintiff was given a list of those witnesses interviewed in the investigation, and, as the Court explained from the bench, although documents may be beneficial in deposing a witness, they are not absolutely necessary; indeed, a deposition may sometimes be used to *identify* documents to be sought in discovery, the revelation of which may occasionally become the basis for continuing a deposition.  If Plaintiff was concerned about the completeness of personnel records produced to her, she was free to explore the contents that she had been given and whether other material exists or should have been included in document productions by deposing the HR director or some other appropriate custodian.  She did not avail herself of this opportunity.

Given the Court's denial of Plaintiff's motion, the Court has considered whether to require Plaintiff to pay Defendants their "reasonable expenses incurred in opposing the motion, including attorney's fees[,]"  but the Court declines to do so, finding "the motion was substantially justified or other circumstances make an

8

award of expenses unjust[,]" Fed. R. Civ. P. 37(a)(5), particularly the need for the Court to engage in its *in camera* review. Plaintiff can hardly be faulted for making that request under these circumstances.

> **2. Defendants' motion (ECF No. 80) is GRANTED IN PART, DENIED IN PART, and DEEMED WITHDRAWN IN PART.**

Upon consideration of the motion papers and the parties' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendants' motion (ECF No. 80) is **GRANTED IN PART**, **DENIED IN PART**, and **DEEMED WITHDRAWN IN PART.** Preliminarily, the initial and amended scheduling orders provide: "Discovery <u>shall be completed on or before</u> the date set forth in the scheduling order. The court will not order discovery to take place subsequent to the discovery cutoff date." (ECF No. 14, PageID.81; ECF No. 41, PageID.257 (emphasis in original).) Judge Drain's and the Undersigned's Practice Guidelines contain similar provisions. (See www.mied.uscourts.gov.) Plaintiff served her responses to Defendants' second request to produce on October 23, 2025 (ECF No. 80-4), she was deposed on November 25, 2025, and the discovery deadline in this case was extended to December 5, 2025 (ECF No. 41, PageID.257.) Defendants have made no showing that it was impossible or impractical to have filed the December 23, 2025 motion before the close of discovery, nor did Defendants file a motion to extend discovery or otherwise

9

demonstrate good cause for filing their motion outside of the discovery period. Therefore, the motion is **DENIED AS UNTIMELY**, except as specified below. *See Santifer v. Inergy Auto Sys., LLC*, No. 5:15-cv-11486, 2016 WL 4011268, at \*2 (E.D. Mich. Jul. 27, 2016) (E.D. Mich. July 27, 2016) (requiring good cause for bringing a motion to compel after the close of discovery). Alternatively, as set forth in the prayer for relief:

- To the extent Defendants seek production of "all documents and information concerning her use of third-party AI tools in connection with this lawsuit, as requested in Defendants' discovery requests," this request is **DENIED**, as the information sought is not discoverable. *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not *discover* documents and tangible things that are prepared in anticipation of litigation or for trial by another *party* or its representative ….") (emphases added). Moreover, it is not relevant, or, even if marginally relevant, is not proportional. *See* Fed. R. Civ. P. 26(b)(1).[3]

---

[3] Notably, the Court previously confirmed that Defendants have no evidence of Plaintiff having violated the protective order by uploading documents marked confidential onto an AI platform. (ECF No. 93, PageID.1002.) The Court also reviewed pertinent and highlighted portions of Plaintiff's deposition transcript (ECF No. 80-2), which reveals an inordinate amount of questioning about Plaintiff's use of AI, but again, no suggestion that she uploaded prohibited items. Defendants' preoccupation with Plaintiff's use of AI needs to abate.

- To the extent Defendants ask the Court to "[o]verrule[] Plaintiff's attorney–client privilege and work-product objections to the AI materials," or alternatively, "if the Court sustains any privilege or protection as to any item, require Plaintiff, within seven days, to serve a Rule 26(b)(5)(A)-compliant privilege log[,]" the request is **DENIED**.  Even if this information were discoverable, it is subject to protection under the work-product doctrine, which Plaintiff is permitted to assert. *See, e.g., Systemes v. Childress*, No. 09-10534, 2013 WL 12181774 (E.D. Mich. Nov. 22, 2013) (Hluchaniuk, M.J.) (order granting in part and denying in part motion to quash subpoenas); *Anderson v. Furst*, No. 2:17-12676, 2019 WL 2284731, *4 (E.D. Mich. May 29, 2019) (Patti, M.J.) ("Plaintiff, as a *pro se* litigant, has a right to assert work product protection over such material."); *see also* Fed. R. Civ. P. 26(b)(3).  Moreover, to the extent Defendants argue that Plaintiff waived the work-product protection by using ChatGPT, the work-product waiver has to be a waiver *to an adversary* or in a way likely to get in an adversary's hand. *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 306 n.28 (6th Cir. 2002) (explaining differences in waiver of attorney-client privilege and work product protection); *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 214 (S.D.N.Y. 2009) ("It is well-established that voluntary disclosure of confidential material to a third party waives any applicable attorney-client privilege."). *See also United States v. Am.*

*Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("while the mere showing of a voluntary disclosure to a third person will generally suffice to show waiver of the attorney-client privilege, it should not suffice in itself for waiver of the work product privilege."). And ChatGPT (and other generative AI programs) are *tools, not persons*, even if they may have administrators somewhere in the background. As Plaintiff noted in her response, Defendants' motion "asks the Court to compel Plaintiff's internal analysis and mental impressions—*i.e.*, her thought process—rather than any existing document or evidence, which is not discoverable as a matter of law. The motion seeks intrusive post-discovery production based on speculation about what might exist in Plaintiff's internal drafting process, untethered from Rule 26 relevance, disregarding the heightened protection afforded to opinion work product, and improperly attempting to manufacture a waiver where none exists. At its core, Defendants' request is a fishing expedition. . . ." (ECF No. 86, PageiD.917.) Additionally, the Court agrees with Plaintiff that the pursuit of this information is "a distraction from the merits of this case[,]" and that Defendants' theory, which is supported by no case law but only a Law360 article posing rhetorical questions,[4] "would nullify work-product protection in

---

[4] *See* ECF No.80, PageID.825-826. But as Plaintiff points out, "no cited case orders the production of what Defendants seek here: a litigant's internal mental impressions reformatted through software." (ECF No. 86, PageID.933.)

12

nearly every modern drafting environment, a result no court has endorsed." (*Id.*, PageID.920, 930.)

- To the extent Defendants ask the Court to compel Plaintiff "to execute HIPAA-compliant medical authorizations for the medical and mental-health providers Plaintiff identified in her deposition[,]" this request is **GRANTED**. Notwithstanding the untimeliness of this motion, pursuant to the Court's broad authority under Fed. R. Civ. P. 1 and Fed. R. Civ. P. 16(a)(2) & (d), Plaintiff is required to produce signed HIPPA releases for Therapists Maria Yoo and Lemica Cox, and Dr. Shazia Qumar (*see* ECF No. 80, PageID.818; ECF No. 80-2, PageID.840 [pp. 23-24]) no later than **Thursday, February 12, 2026**. While Plaintiff claims that her prior attorney obtained these releases from her and would have given them to defense counsel, defense counsel represented that he did not receive them. Even a minimal amount of cooperation on Plaintiff's part could have avoided this portion of Defendants' motion to compel.

- To the extent Defendants seek an order requiring Plaintiff "to bear Defendants' reasonable expenses, including attorneys' fees, incurred in bringing this Motion, pursuant to Rule 37(a)(5)," the request was **WITHDRAWN** at the hearing.

13

(ECF No. 49, PageID.810-811.)

******

In the end, both sides of this dispute seek to obtain each other's thought processes, while shielding their opponent from discovery of their own. The Court will uphold the protections afforded the thought processes and litigation strategies of both sides and will order production of neither.

**IT IS SO ORDERED.**[5]

Dated:  February 10, 2026

                                         Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

14