**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOHYON WARNER,

               Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(d/b/a GILBARCO VEEDER-ROOT),
And VONTIER CORPORATION,

               Defendants.

Case No. 24-12333
Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

**PLAINTIFF'S OBJECTIONS TO MARCH 23, 2026 ORDER (ECF No. 108)**
**UNDER FED. R. CIV. P. 72(a) AND E.D. MICH. LR 72.1(d)**

**I. INTRODUCTION**

Plaintiff objects to the March 23, 2026 Order (ECF No. 108) because it is clearly erroneous and contrary to law. The Order: (1) permits post-deadline discovery without a Rule 16(b)(4) finding of good cause; (2) disregards Rule 26(b)(1) by compelling unlimited medical discovery for a garden-variety emotional distress claim despite a narrower, available alternative; (3) rests on a clearly erroneous finding that Plaintiff was "uncooperative"; (4) fails to address Rule 45(d)(1) despite subpoenas issued 74 days after discovery closed; and (5) imposes a compliance deadline that expires before the Rule 72(a) objection period.

1

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 72(a), a district judge must set aside any portion of a magistrate judge's order that is **clearly erroneous or contrary to law**.

A ruling is **contrary to law** if it fails to apply or misapplies relevant statutes, rules, or case law. *See, e.g., Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W.D. Mich. 1995).*

A finding is **clearly erroneous** if, after review of the record, the Court is left with a definite and firm conviction that a mistake has been made. *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) ("A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.").

Legal conclusions are reviewed **de novo**, and factual determinations must be supported by the **entire record**, not selective excerpts. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

**The Sixth Circuit has been clear: discovery rulings that are arbitrary, inconsistent, or that fail to apply the correct legal standard are reversible.** *See Surles v. Andison*, 678 F.3d 452, 459 (6th Cir. 2012)

## III. THE ORDER PERMITS POST-DEADLINE DISCOVERY WITHOUT RULE 16(b)(4) GOOD CAUSE

The following background demonstrates the untimeliness and proportionality issues underlying the March 23 Order.

**Discovery closed on December 5, 2025,** *and the dispositive motion deadline was February 11, 2026.* (ECF No. 41.) Defendants issued subpoenas on February 18, 2026, 74 days after the close of discovery. The Court's February 10, 2026 Order (ECF No. 94) enforced the discovery deadline, stating: "The court will not order discovery to take place subsequent to the discovery cutoff date." (ECF No. 94, PageID.1017.)

The following chart summarizes Plaintiff's and Defendants actions throughout this litigation. It tells a simple story: **Plaintiff complied with every obligation, every deadline, and every court order.**

| Date | Action | Who | Compliance with Rules & Scheduling Order | Evidence |
|---|---|---|---|---|
| 3/17/25 | Plaintiff sent explicit instructions to former counsel limiting the scope of authorization | Plaintiff | **Yes** - facilitated discovery while preserving proportionality | Exhibit A |
| 3/18/25 | Plaintiff signed and forward proportional HIPAA authorizations to former counsel | Plaintiff | **Yes** - timely compliance during discovery period | Exhibit A |
| 4/25/25 | Plaintiff (through counsel) objected to Request No. 21 as "irrelevant" and "not proportional" | Plaintiff & Former Counsel | **Yes** - proper Rule 26(b)(1) objection | ECF No. 96-5 |

| Date | Event | Party | Timely/Procedurally Proper | Record Cite |
|---|---|---|---|---|
| 9/23/25 | **Defense served AI and Medical discovery requests** | Defendants | — | Exhibit B |
| 9/23/25 | Plaintiff objected to blanket authorizations as overbroad | Plaintiff | **Yes** - asserted proportionality limits under Rule 26(b)(1) | Exhibit C |
| 10/23/25 | Plaintiff responded to AI discovery with work product objections | Plaintiff | **Yes** - timely response within discovery period | ECF No. 80-3; 80-4 |
| | | | | |
| **12/5/25** | **Discovery closed per Scheduling Order** | **Court** | — | **ECF No. 41** |
| 12/23/25 | Defense filed Motion to Compel Discovery | Defendants | **No** - Issued 18 days after discovery closed: without Rule 16(b)(4) showing | ECF No. 80 |
| 2/10/26 | Court ordered Plaintiff to produce second HIPAA authorizations | Court | — | ECF No. 94 |
| **2/11/26** | **Defendants filed Motion for Summary Judgment, certifying record complete** | Defendants | | **ECF No. 95** |
| 2/12/26 | Plaintiff executed and provided authorizations to defense counsel | Plaintiff | **Yes** — Complied with Court order | ECF Nos. 96-2, 96-3, 96-4 |
| 2/18/26 | Defense issued overbroad subpoenas seeking "any and all" records | Defendants | **No** — Issued 74 days after discovery closed; | ECF No. 96-1 |

4

| | | | without Rule 16(b)(4) showing | |
|---|---|---|---|---|
| 2/18/26 | Plaintiff objected to subpoenas same day | Plaintiff | **Yes** — Prompt objection under Rule 45(d)(3) | ECF No. 96-1 |
| 2/19/26 | Plaintiff proposed limited scope for medical discovery | Plaintiff | **Yes** — Acted in good faith to resolve scope dispute | ECF No. 96-1 |
| 2/22/26 | Plaintiff filed motion to quash overbroad subpoenas | Plaintiff | **Yes** — Properly invoked Rule 45(d)(3) | ECF No. 96 |
| 3/23/26 | Court permitted post-deadline overbroad subpoenas | Court | | ECF No. 108 |
| 3/23/26 | Defendants requested broad authorizations ("any and all" records, 6 authorizations) | Defendants | **No** - not tailored to proportional scope under Rule 26(b)(1) | Exhibit D,E,F |

The March 23, 2026 Order permits post-deadline discovery without any finding of good cause under Rule 16(b)(4). Good cause requires diligence. *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").

The record demonstrates Defendants' lack of diligence. Plaintiff executed a HIPAA authorization on March 18, 2025. On April 25, 2025, Plaintiff's counsel served responses to Defendants' First Request for Production, objecting to overbroad medical discovery as irrelevant and disproportionate. On September 23,

2025, Defendants again sought broad medical information from Plaintiff. Despite having **73 days before the discovery cutoff**, **Defendants did nothing**. They did not meet and confer, file a motion to compel, or seek an extension. **Then, 18 days after discovery closed**, on December 23, 2025, they filed their motion.

In other words, Defendants had ample opportunity during the discovery period of 12 months (Dec. 2024 – Dec. 2025) to seek the requested medical information but failed to do so. Rule 16(b)(4) does not permit a party to wait until after discovery closes to pursue discovery it could have sought earlier.

**Defendants' lack of diligence precludes a finding of good cause. Defendants cannot certify the record as complete for summary judgment and then expand that record through post-deadline discovery.**

### IV. THE ORDER VIOLATES RULE 26(b)(1) PROPORTIONALITY

Plaintiff's employment period is from December 2021 to March 2023:

| Factor | What Severe/Non-Garden Variety Would Require | Plaintiff's Record | Evidence |
|---|---|---|---|
| **Mental health treatment during employment** | Contemporaneous, intensive treatment during employment | **None** -No therapy, no counseling, no psychiatric treatment during employment | Dep. Tr. at 178: "Not at the time, no" |
| **Psychiatric medication during employment** | Prescribed psychiatric medication during employment | **None** -First prescription November 2025, | Dep. Tr. at 25: first anxiety medication |

6

| | | | |
|---|---|---|---|
| | | two weeks before deposition | "couple weeks ago" |
| **Mental health diagnosis during employment** | Formal diagnosis during employment | **None** - No mental health diagnosis during employment | Dep. Tr. at 125-128; diagnoses came in 2025 |
| **Timing of first mental health treatment** | During employment | **After employment ended** – March 21, 2024 (1 year after termination) | Letter from Yoo, May 14, 2025; Dep. Tr. at 125 |
| **Medical condition during employment** | Mental health condition diagnosed during employment | **Hypertension** - Diagnosed August 2022. This is a **physical, irreversible condition**. It is not a mental health diagnosis and does not convert a garden-variety claim into something more. | Dep. Tr.; Medical records |
| **Hospitalization** | Psychiatric hospitalization | **None** -No psychiatric hospitalization | Dep. Tr. at 179: "No" |
| **Expert testimony** | Expert witness on emotional distress | **None** -No expert witnesses on emotional distress | No expert designation |
| **Description of distress** | Complex, medically documented, requiring expert interpretation | Employment-related stress, anxiety, anger, humiliation, fear; no claim of permanent disability | Complaint; Deposition testimony |
| **Damages sought** | Future medical monitoring, lifetime care, lost earning capacity | Emotional distress damages; no claim for future medical monitoring or lifetime care | Complaint |

**Plaintiff's record lacks the hallmarks of a severe emotional distress claim**: no treatment, medication, or diagnosis during employment; no hospitalization; and no expert testimony. Her only condition during employment was hypertension, a physical condition. Her mental health treatment began one year after termination.

**This is a garden-variety claim, and discovery must be proportional to that scope.** Plaintiff offered precisely that: records from April 1, 2022 forward, limited to relevant conditions, excluding psychotherapy notes and unrelated medical history. Defendants rejected that offer and demanded unlimited access. The Court granted their demand.

Defendants' failure to pursue this discovery within the discovery period further confirms that the requested discovery is not proportional to the needs of the case.

## V. THE ORDER APPLIES RULE 16(b)(4) INCONSISTENTLY

The Order grants Defendants' untimely request for medical records while denying their untimely request for AI discovery. As the following chart demonstrates, the Order applies Rule 16(b)(4) inconsistently.

| Post-Discovery Target by Defendant | What They Sought | Why It Invades Mental Impressions | Patti's Ruling |
|---|---|---|---|
| **AI Queries and Responses** | All queries entered into Generative AI; all responses received; all documents uploaded; all modifications to queries | Reveals litigation strategy, research, case theories, **mental impression**, **how Plaintiff thought about the case**, what she considered, what she rejected | **DENIED** — Untimely under Rule 16(b)(4); no good cause shown (ECF No. 94) |
| **Unlimited Medical Records** | "Any and all" records from all providers; "entire chart"; no date limitation; no condition limitation; including psychotherapy notes | Therapist's private process notes (**mental impressions** of the therapist about Plaintiff); raw psychological test data; Plaintiff's most private thoughts recorded in therapy | **GRANTED** — "Notwithstanding the untimeliness" under "broad authority" of Rules 1 and 16(a); unrestricted authorizations required (ECF No. 94; ECF No. 108) |

**The Order applies Rule 16(b)(4) inconsistently**. The Court applied Rule 16(b)(4) strictly to deny the AI request. But when it came to medical records, the Court ignored Rule 16(b)(4) entirely, invoking its "broad authority" to grant the request.

Rule 16(b)(4) applies to all discovery. If Defendants failed to show good cause for filing their AI requests after the deadline, they likewise failed for medical records.

9

## VI. THE SCOPE OF DISCOVERY EXCEEDS RULE 26(b)(1) PROPORTIONALITY TO CORE CASE

The scope of medical discovery authorized by the Order is disproportionate to the needs of the case. The central issues are Defendants' alleged discriminatory and retaliatory conduct resulting in Plaintiff's termination, which turn on Defendants' actions and decision-making. Expansive inquiry into Plaintiff's medical history will not materially advance resolution of those issues and exceeds the limits of Rule 26(b)(1).

Plaintiff seeks emotional distress damages, but that component does not justify unrestricted access to her medical history where narrower, condition-specific discovery is available and sufficient.

## VII. UNRESTRICTED DISCLOSURE OF MENTAL HEALTH RECORDS CREATES UNDUE PREJUDICE

Even where some medical discovery is appropriate, the scope authorized by the Order permits disclosure of highly sensitive mental health information beyond what is necessary to evaluate Plaintiff's claims. Unrestricted access to detailed mental health records creates a substantial risk of unfair prejudice that outweighs any marginal probative value.

Here, narrower alternatives are available and have been offered by Plaintiff, including condition-specific and time-limited disclosures excluding psychotherapy notes. The Order does not address why such limitations are insufficient.

10

Accordingly, even if some discovery is permitted, it should be narrowly tailored to avoid unnecessary intrusion into highly sensitive mental health information.

### VIII. SPECIFIC OBJECTIONS UNDER RULE 72(a)

The foregoing sections provide the factual and contextual background underlying Plaintiff's objections. Plaintiff's specific objections under Rule 72(a) are set forth below.

**Objection 1: The Order Permits Post-Deadline Discovery Without Rule 16(b)(4) Good Cause and Does So Inconsistently**

Rule 16(b)(4) requires good cause for post-deadline discovery; absent such a finding, permitting discovery is contrary to law. The February 10, 2026, order (ECF No. 94) denied Defendants' AI discovery request as untimely, holding that Defendants "made no showing that it was impossible or impractical to have filed the December 23, 2025, motion before the close of discovery." (ECF No. 94, PageID.1018-1019.) Yet the same order granted Defendants' medical records request, filed in the same untimely motion, without any finding of good cause, invoking "broad authority" under Rules 1 and 16(a). (ECF No. 94, PageID.1021.)

Rule 16(b)(4) applies to **all** discovery. It does not contain exceptions. If Defendants failed to show good cause for their AI requests, they likewise failed for medical records. The Court cannot apply Rule 16(b)(4) to one part of an untimely motion and ignore it for another. This inconsistent application is contrary to law.

Defendants may contend that medical discovery was properly allowed because it had been discussed during the discovery period. But that rationale applies equally to Defendants' AI discovery requests. The record reflects that AI-related discovery was actively pursued during discovery, including substantial deposition examination on that topic. Indeed, a significant portion of Plaintiff's deposition on November 25, 2025 addressed AI usage and related issues. (ECF No. 95-3) If prior discussion during discovery was sufficient to excuse untimeliness, it would apply equally here. The Court's reliance on that rationale for one category while rejecting it for the other further underscores the inconsistent application of Rule 16(b)(4).

**Defendants' filing of summary judgment on February 11, 2026 (ECF No. 95) certifying the record complete only underscores the error**. A party cannot certify the record as complete and then seek to supplement it through post-deadline discovery. The March 23 order permits exactly that. Defendants cannot both certify the record complete for summary judgment and simultaneously seek to expand that record through post-deadline discovery. The Order should be set aside or, at a minimum, modified to require a Rule 16(b)(4) good-cause finding and to deny post-deadline expansion of the record.

**Objection 2: The Order Ignores Rule 26(b)(1) Proportionality for a Garden-Variety Emotional Distress Claim**

Rule 26(b)(1) limits discovery to what is proportional; where a narrower, less intrusive alternative exists, broader discovery is improper. Plaintiff's emotional distress claim is garden-variety. As the chart in Section III demonstrates, she had **no** mental health treatment, medication, or diagnosis during employment. Her only condition during employment was hypertension, a physical, irreversible condition. Her mental health treatment began one year after termination. She has no expert, no hospitalization, and seeks only typical emotional distress damages.

**Plaintiff did not refuse medical discovery. She executed proportional HIPAA authorizations twice, limiting disclosure to relevant conditions and time period, excluding psychotherapy notes and unrelated history**. Defendants rejected that proportional mechanism and instead pursued unrestricted subpoenas. The Order compels broader discovery despite the existence of a less intrusive, already-available alternative, which is contrary to Rule 26(b)(1). Courts routinely prefer tailored authorizations and deny or limit blanket medical subpoenas where a plaintiff has already provided a narrowly tailored authorization covering the relevant conditions and timeframe.

Plaintiff consistently sought to limit disclosure to proportional, condition-specific records and to exclude psychotherapy notes. To the extent broader authorization forms appear in the record, those reflect Defendants' proposed language, not Plaintiff's agreed scope. Defendants have instead pursued

unrestricted access beyond the limits Plaintiff proposed and consistent with Rule 26(b)(1).

For garden-variety claims, courts routinely limit medical discovery to what is proportional. See *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309–10 (N.D. Ill. 1999). Defendants' demand for "any and all" records, entire charts, without date or condition limitation, including psychotherapy notes, is the opposite of proportional. The Supreme Court has recognized a federal psychotherapist–patient privilege. *Jaffee v. Redmond*, 518 U.S. 1, 15–16 (1996). See also, e.g., *Kubik v. Cent. Mich. Univ. Bd. of Trustees*, No. 15-cv-12055, 2016 WL 9631633, at *4 (E.D. Mich. Mar. 17, 2016) (Drain, J.) (limiting medical discovery where plaintiff's emotional distress claim was garden variety).

Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

The Court's own AI ruling confirms it understands proportionality. It denied Defendants' request for Plaintiff's AI queries, her mental impressions about the case, as not proportional to the needs of the case. (ECF No. 94.) The same analysis

applies here. If Plaintiff's litigation strategy is protected, her private therapy notes, her most intimate thoughts, are entitled to no less protection.

Plaintiff offered reasonable, proportional authorizations: records from April 1, 2022, forward, limited to relevant conditions, excluding psychotherapy notes and unrelated medical history. That is sufficient to test her claim. Defendants rejected that offer. The Court should have rejected their overreach. The Court should limit discovery to the employment period (Dec. 2021–Mar. 2023, plus a short tail), specified conditions, and exclude psychotherapy notes, using Plaintiff's authorizations.

**Objection 3: The "Uncooperative" Finding Is Clearly Erroneous**

A finding is clearly erroneous when the record leaves a firm conviction of mistake; the "non-cooperation" finding is unsupported by the record. Magistrate Judge Patti found that Plaintiff "continues not to cooperate." (ECF No. 108, PageID.1901.) The record does not support that finding. As the timeline chart in Section III shows:

- **March 2025:** Plaintiff provided limited authorizations to her former counsel.
- **April 2025:** Plaintiff (through counsel) objected to overbroad medical discovery.

15

- **September 2025:** Plaintiff rejected blanket authorizations, citing Rule 26(b)(1), and corrected defense misrepresentations about receiving interrogatory responses.

- **October 2025:** Plaintiff timely responded to AI discovery with work product objections.

- **February 12, 2026:** Plaintiff complied with the Court's order within 2 days.

- **February 18, 2026:** Plaintiff objected to overbroad subpoenas the same day.

- **February 19, 2026:** Plaintiff demanded withdrawal and offered compromise.

Defendants, by contrast, issued subpoenas 74 days after discovery closed, made false statements about receiving discovery responses, and rejected every offer of compromise.

The finding that Plaintiff "continues not to cooperate" has no support in the record. It is **clearly erroneous** and should be set aside.

**Objection 4: Defendants' Conduct Warrants Sanctions for Abusing Discovery Tools in Violation of Rule 45 and Rule 26**

Rule 45(d)(1) requires a party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense. Where that duty is not met, the Court may impose appropriate sanctions.

The record reflects that Defendants issued subpoenas on February 18, 2026—74 days after the close of discovery and after filing their motion for summary judgment (ECF No. 95), which represented the record as complete. The

subpoenas sought "any and all" medical records from multiple providers, without limitation as to time, condition, or subject matter.

The subpoenas were not tailored to the needs of the case and did not account for narrower, available alternatives. Plaintiff had already executed HIPAA authorizations limited to relevant conditions and time periods, excluding psychotherapy notes and unrelated medical history. Defendants declined to use those authorizations and instead pursued unrestricted subpoenas.

**Plaintiff previously raised these same objections and requested this same relief in her motion to quash Defendants' subpoenas (ECF No. 96).**

Issuing broad, post-deadline subpoenas without tailoring scope or utilizing available, less intrusive mechanisms fails to satisfy the obligation under Rule 45(d)(1) to avoid undue burden. It also exceeds the proportional limits of discovery under Rule 26(b)(1).

Accordingly, Plaintiff respectfully requests that the Court consider appropriate relief, including requiring that any permissible discovery proceed through Plaintiff's limited authorizations and awarding reasonable expenses incurred in responding to the subpoenas.

## IX. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

**A. On the Merits**

1. **SUSTAIN** these objections;

2. **SET ASIDE** the March 23, 2026 Order (ECF No. 108) in its entirety;

3. In the alternative, **MODIFY** the March 23, 2026 Order to limit discovery to the scope Plaintiff offered in her February 12, 2026 authorizations:

   o Plaintiff does not oppose medical discovery limited to the relevant time period of her employment (December 2021 through March 2023), and at most a short post-termination period necessary to evaluate any immediate effects;

   o Records relating solely to **hypertension, anxiety, depression, emotional distress, and stress-related conditions**;

   o **Excluding psychotherapy notes**;

   o **Excluding unrelated medical history**;

4. **STAY** compliance with the March 23, 2026 Order pending resolution of these objections;

## B. On Sanctions

5. **IMPOSE SANCTIONS** on Defendants under:

   o **Fed. R. Civ. P. 45(d)(1)** for issuing subpoenas without taking reasonable steps to avoid undue burden;

   o **Fed. R. Civ. P. 16(f)** for violating the scheduling order by issuing subpoenas 74 days after discovery closed;

18

- o **Fed. R. Civ. P. 37** for failing to cooperate in discovery, including statements that raise concerns regarding the accuracy of the record;

- o The Court's **inherent authority** to sanction bad-faith conduct that has caused documented harm to Plaintiff's health;

6. **AWARD** Plaintiff monetary sanctions in the amount of **$2,700**, representing 18 hours of time spent responding to Defendants' improper discovery at a reasonable rate of $150 per hour, plus any additional time incurred in responding to Defendants' post-deadline discovery and the instant objections;

7. **STRIKE** Defendants' overbroad subpoenas or, in the alternative, require Defendants to obtain any permissible medical records through Plaintiff's executed HIPAA authorizations;

8. **WARN** Defendants that further abuse of discovery will result in more severe sanctions, including potential adverse inferences, evidentiary preclusions, or other relief as the Court deems just;

## C. General Relief

9. Grant such further relief as the Court deems just and proper.

## X. CONCLUSION

The March 23, 2026 Order cannot be reconciled with Rule 16(b)(4) and Rule 26(b)(1). It permits post-deadline discovery without Rule 16(b)(4) good cause. It

does so inconsistently, denying Defendants' untimely AI request while granting their untimely medical records request in the same motion. It ignores Rule 26(b)(1) proportionality for a garden-variety emotional distress claim. And it relies on a finding that Plaintiff "continues not to cooperate", a finding with no support in the record.

The Court has the power to restore proportionality, to protect Plaintiff from further harm, and to sanction Defendants for their misconduct. It should do so.

At a minimum, modification to impose proportional limits would align the Order with Rules 16 and 26 while preserving its intended scope, and the Court should STAY the March 23 Order pending resolution of these objections. A 7-day compliance deadline with a 14-day objection period is not meaningful review.

## XI. STAY UNDER RULE 72(a)

The Order imposes a compliance deadline that expires before the Rule 72(a) objection period, thereby depriving Plaintiff of meaningful district court review.

Absent a stay, Plaintiff must either comply before review, thereby mooting her objections, or risk potential sanctions for non-compliance. Because the compelled disclosure cannot be undone once produced, a stay is necessary to preserve the status quo pending resolution of these objections.

**Respectfully submitted,**
/s/ Sohyon Warner
Sohyon Warner, Plaintiff, Pro Se

20

2841 Lamplighter Lane<br>
Bloomfield Hills, MI 48304<br>
sohyon.warner@gmail.com<br>
248.210.5504

Dated: March 26, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2026, I electronically filed the foregoing Plaintiff's Objections to Magistrate Judge Patti's March 23, 2026 Order (ECF No. 108) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Sohyon Warner<br>
Sohyon Warner, Plaintiff, Pro Se<br>
2841 Lamplighter Lane<br>
Bloomfield Hills, MI 48304<br>
sohyon.warner@gmail.com<br>
248.210.5504