**Gmail**

Wonder <sohyon.warner@gmail.com>

## Re: Warner v Gilbarco Defendants' Discovery [ODNSS-OGL.340283.000024]

1 message

**Wonder** <sohyon.warner@gmail.com>
To: "Warren, Richard W." <richard.warren@ogletree.com>
Cc: "Harrington, Lauren D." <lauren.harrington@ogletreedeakins.com>

Tue, Sep 23, 2025 at 5:32 PM

Dear Mr. Warren and Ms. Harrington,

Your statement that Defendants "never received" Plaintiff's answers to the First Set of Interrogatories is demonstrably false. Plaintiff's verified responses were completed, signed, and included in the April 25, 2025 cloud production provided to Defendants. The file index confirms that set contained **"Warner, Plaintiff's Answers to Defendant's 1st ROGS 5-15-25,"** along with the document responses. Defendants engaged in ongoing discovery discussions with my former counsel between April 25 and June 6, 2025 while using that same link. If Defendants accessed the Requests for Production in that set, they also had access to the interrogatory responses.

To now claim non-receipt is a misrepresentation of the record. Defendants' denial of access to interrogatory answers, while simultaneously ignoring their own overdue productions (Ogletree↔prior counsel communications, HR investigation files, etc.), is obstruction and a violation of Rule 37.

Furthermore, Defendants' recently served Second Set of Interrogatories and Requests for Production only underscores this pattern. **These new demands are not legitimate discovery but harassment.** Defendants now seek irrelevant and privileged information, including my private litigation notes, communications with former counsel, and even every query and response I may have entered into a web tool. These requests amount to asking me to disclose what I think, how I prepared my case, and what resources I used, none of which is discoverable. Meanwhile, approximately 90% of Defendants' own production obligations remain outstanding. This overreaching "Second Set" demonstrates "deflection" from Defendants' failure to produce their core documents and further prejudices my ability to litigate.

I am proceeding in good faith. Defendants' repeated misstatements and obstruction demonstrate bad faith and intentionally prejudice my ability to litigate this matter. Unless Defendants immediately correct the record and produce the outstanding discovery I requested on August 4 and September 3, and that my former counsel had already asked for in March, I will bring this misconduct to the Court's attention under Rule 37, including a request for sanctions if the misrepresentations and harassment continue.

Respectfully,
Sohyon Warner
Pro Se Plaintiff

On Tue, Sep 23, 2025 at 4:33 PM Warren, Richard W. <richard.warren@ogletree.com> wrote:

> Hi Ms. Warner –
>
> I think you are confusing the Interrogatories with the Requests for Documents. We received responses from your prior counsel to the Requests for Documents. We have not received answers to the Interrogatories. That is what Lauren's email below references.
>
> Thank you,
>
> Richard

**Richard W. Warren | Ogletree Deakins, PLLC**
34977 Woodward Avenue, Suite 300 | Birmingham, MI 48009 | Telephone: 248-631-3679 | Mobile: 586-337-3023
richard.warren@ogletree.com | www.ogletree.com | Bio

**From:** Wonder <sohyon.warner@gmail.com>
**Sent:** Tuesday, September 23, 2025 4:27 PM
**To:** Harrington, Lauren D. <lauren.harrington@ogletree.com>
**Cc:** Warren, Richard W. <richard.warren@ogletreedeakins.com>
**Subject:** Re: Warner v Gilbarco Defendants' Discovery

*[Caution: Email received from external source]*

Dear Ms. Harrington and Mr. Warren,

Your September 23 correspondence misrepresents the discovery record and must be corrected.

**Plaintiff's Responses Already Produced (April 25, 2025).**
Defendants state that my responses to the First Set of Interrogatories are "several months outstanding." That is false. My former counsel transmitted Plaintiff's Responses to Defendants' First Requests for Production of Documents on April 25, 2025, with exhibits made available to Defendants via secure link. Your own subsequent communications with Pitt McGehee in May and June 2025 confirm receipt and further discussion of RFP 15, supplemental discovery, and depositions. To now claim non-receipt is misleading at best and dishonest at worst.

**Defendants' Failure to Produce.**
Meanwhile, Defendants have ignored my properly served August 4 and September 3, 2025 Requests for Production, including all communications between Ogletree Deakins and my former counsel. These documents plainly exist, as demonstrated by the March~June 2025 email chains, yet Defendants have not produced them. Rule 34 requires production; silence and delay are not compliance.

**Deflection Through Misinformation.**
Rather than meeting your own obligations, Defendants are attempting to deflect attention from their failure to produce by creating misinformation about Plaintiff's compliance. This tactic, using my former counsel's withdrawal to distort the record, is obstruction and has no basis in the Federal Rules.

**Medical Authorizations.**
Request No. 21 remains overbroad. Rule 34 does not require me to execute blanket authorizations. I will produce relevant medical documentation in my possession, but I will not cede unrestricted access to my private health history.

I am proceeding in good faith. Defendants' repeated misstatements and obstruction demonstrate bad faith and are intentionally prejudicing my ability to litigate this matter. Unless Defendants immediately correct the record and produce the outstanding categories requested, I will bring this misconduct to the Court's attention under Rule 37, including a request for sanctions if the misrepresentations continue.

Respectfully,
Sohyon Warner
Pro Se Plaintiff

On Tue, Sep 23, 2025 at 3:32 PM Harrington, Lauren D. <lauren.harrington@ogletree.com> wrote:

> Good afternoon Ms. Warner,

Attached are Defendants' Second Sets of Interrogatories and Document Requests for which you will have the time permitted under the Federal Rules of Civil Procedure to respond.

Also attached is Defendant's First Set of Interrogatories that was served on you through your former counsel on January 23, 2025 (see attached letter and Interrogatories). Despite various follow-up inquiries, Defendants never received responses to their First Set of Interrogatories. At this point, your responses are several months outstanding. **Please provide responses to Defendants' First Set of Interrogatories on or before September 30th.**

Defendants did receive your answers to their First Set of Document Requests (see attached). However, in light of your allegations pertaining to your alleged medical conditions, you did not sufficiently answer Request No.21. Please supplement your response to Request No. 21, which includes signing the attached authorization forms. **Please complete and provide the attached forms on or before September 30th.**

If you have any questions, please advise.

Thank you,

Lauren

**Lauren D. Harrington | Ogletree Deakins, PLLC**
34977 Woodward Avenue, Suite 300 | Birmingham, MI 48009 | Telephone: 248-723-6164 | Mobile: 248-309-0783
lauren.harrington@ogletree.com | www.ogletree.com | Bio

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*