**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOHYON WARNER,

                Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC. (d/b/a
GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

                Defendants.

Case No. 24-12333

Hon. Gershwin A. Drain

Mag. Judge Anthony P. Patti

---

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NON-COMPLIANT BRIEF OR, IN THE ALTERNATIVE, FOR OTHER APPROPRIATE RELIEF

Plaintiff Sohyon Warner, proceeding pro se, respectfully notifies the Court that Defendants' brief appears to comply with the page limit in form but does not in substance. Defendants' Motion for Summary Judgment (ECF No. 113, filed April 8, 2026) employs formatting that materially increases text density and effectively expands the Court-imposed page limit, contrary to the purpose and requirements of Local Rule 5.1(a)(3) and this Court's prior Order (ECF No. 109).

### I. PLAINTIFF HAS FULLY COMPLIED WITH THE COURT'S ORDER

1

On March 23, 2026, the Court struck Plaintiff's prior filing for failure to comply with Local Rule 7.1 and directed strict adherence to formatting requirements. (ECF No. 109, PageID.1906–1907). The Court emphasized that future non-compliance would result in filings being stricken. *"Plaintiff is yet again reminded that, while she is proceeding pro se, she is expected to adhere to the Local Rules. Any future failure to comply with Local Rule 7.1 will result in the submission being automatically stricken."* (ECF No. 109, PageID.1907)

Plaintiff complied immediately and refiled a fully compliant brief within 24 hours, using standard formatting consistent with the Local Rules and the Court's directives.

## II. DEFENDANTS' FORMATTING IMPROPERLY EXPANDS THE PAGE LIMIT

Local Rule 5.1(a)(3) requires that proportional fonts be presented at a minimum of 14-point size to ensure readability and consistency in briefing. Defendants used a condensed proportional font (Arial Narrow). While proportional in classification, Arial Narrow is specifically designed to compress text horizontally, allowing substantially more characters per line than standard fonts such as Times New Roman.

As demonstrated in **Exhibit A**, Plaintiff recreated Defendants' text using a compliant 14-point format. The result is clear:

- The same text requires **substantially more space** when properly formatted

- Defendants' version contains **more words per line**

- Defendants' version contains **more lines per page**

- Defendants' formatting allows approximately 13–14 characters per inch and uses margins of less than one inch, substantially increasing text density compared to a standard-compliant format. These measurements are based on Plaintiff's direct comparison of identical text rendered in compliant and condensed formats, as shown in Exhibit A.

Quantitatively, Defendants' formatting yields approximately **30% greater text density** than a standard-compliant format. **A 12-page brief becomes the functional equivalent of approximately 15–16 pages of argument**, reflecting a material expansion of the Court-imposed page limit. This conclusion is based on direct comparison of identical text rendered in compliant and condensed formats, as shown in Exhibit A and the chart below.

| Font | Characters per line (approx.) | Est. words per page |
|---|---|---|
| Times New Roman 14pt | 65-70 | 300-350 |
| Arial Narrow 14pt | **85-90** | **450-500** |

**This is not a minor variation. It materially increases the amount of argument presented within each page.  This type of formatting undermines**

**the readability and fairness requirements underlying Local Rule 5.1(a)(3) and the Court's page-limit order.**

### III. DEFENDANTS EFFECTIVELY EXCEEDED THE COURT'S PAGE LIMIT

The Court imposed a page limitation to control the volume of the argument presented and to ensure fairness between the parties.

Although Defendants' brief appears to comply with the page limit on its face, their use of a condensed proportional font allows them to include the equivalent of **multiple additional pages of argument** within the same nominal page count.

Defendants previously sought to double their reply page limit to fourteen pages based on alleged prejudice from Plaintiff's filings (ECF No. 105), yet now achieve the same result through formatting by using a condensed font that materially increases text density. This demonstrates that Defendants have effectively expanded their permitted briefing space beyond the Court's limits through formatting rather than leave of Court. Defendants never received Court approval for their requested extension. Undeterred, they simply achieved the same result unilaterally by manipulating the font and margins.

In practical terms, Defendants' brief is not a standard 12-page submission. It is the functional equivalent of a significantly longer brief, achieved through formatting compression. This constitutes a **circumvention of the Court's page-**

**limit restriction**, undermining both the rule's purpose and the fairness of the briefing process.

### IV. COURTS REJECT FORMATTING THAT EVADES PAGE LIMITS

Courts in this District have made clear that formatting rules are not mere technicalities and may not be manipulated to gain additional briefing space.

In *Numatics, Inc. v. Balluff, Inc.*, No. 13-11049 (E.D. Mich. Dec. 1, 2014), the Court struck the defendants' summary judgment motion for using a smaller font and an appendix that effectively expanded the page limit. Judge Lawson wrote:

*"font-size and page limitations are familiar restrictions that federal courts impose on filers, and competent attorneys generally learn these rules. Sometimes they learn them too well, using font-size variations to skirt page limitations."*

The Court granted reconsideration only on the condition that the defendants refile "in **14-point proportional font size**" with strict compliance to the Local Rules. *Id.*

Defendants' use of a condensed font and a margin of less than 1 inch to increase text density achieves the same improper result, expanding briefing space beyond what the Court permitted.

### V. VISUAL AND EMPIRICAL PROOF (EXHIBIT A)

5

Exhibit A provides direct, side-by-side evidence:

- Defendants' original filing (dense, compressed formatting)

- Plaintiff's compliant recreation (14-point, properly spaced with 1-inch margins)

- A recreated version using condensed formatting and .9-inch margins to replicate Defendants' density

This comparison demonstrates that Defendants' formatting is not equivalent to a standard-compliant brief and results in materially greater content per page.

## VI. THE COURT'S RULES MUST BE APPLIED CONSISTENTLY

The Court has already enforced strict compliance with formatting rules against Plaintiff. Equal application of those rules is essential to maintain fairness and integrity in the proceedings.

Defendants are represented by experienced counsel and are expected to adhere to both the letter and the purpose of the Local Rules. The use of formatting that materially expands briefing space while maintaining nominal compliance should not be permitted.

## VII. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1.  **STRIKE** Defendants' Motion for Summary Judgment (ECF No. 113) for failure to comply with Local Rule 5.1(a)(3) in substance and for circumvention of the Court's page-limit order;

2.  Alternatively, **ORDER** Defendants to refile a compliant brief using standard 14-point formatting without condensed typefaces;

3.  Alternatively, **DISREGARD** any portion of Defendants' brief exceeding what would be permitted under a properly formatted submission; and

4.  Grant such other relief as the Court deems just and proper.

> **Respectfully submitted,**
> /s/ Sohyon Warner
> Sohyon Warner, Plaintiff, in Pro Se
> 2841 Lamplighter Lane
> Bloomfield Hills, MI 48304
> sohyon.warner@gmail.com
> 248.210.5504

Dated: April 9, 2026

**CERTIFICATE OF SERVICE**
I certify that on April 9, 2026, I filed this Motion with the Court via the CM/ECF system, which will serve all counsel of record electronically.

> **Respectfully submitted,**
>
> /s/ Sohyon Warner
> Sohyon Warner, Plaintiff, in Pro Se

7

**EXHIBIT A** (Pages 1-7)

- Pages 1-2: Original Defendants' ECF No. 113 filing, page 2 (violation)

- Pages 3-5: Plaintiff's recreation (Times New Roman 14, double-spaced, 1" margins)

- Pages 6-7: Plaintiff's recreation of violation (Arial Narrow, 0.9" margins)