# Defendants' 113 filine, page 2

# (Violates the Rule)

I.  **PLAINTIFF CANNOT ESTABLISH A *PRIMA FACIE* CASE OF DISCRIMINATION.**

   1.  *Plaintiff's Reassignments Were Not Adverse Employment Actions.*

   Plaintiff's Opposition devotes significant space to erroneously characterizing her various reassignments as adverse employment actions, when the facts establish that this is false. Plaintiff admitted in her deposition that no reassignment changed her pay, benefits, title, work hours, or work location. (ECF No. 95-3, PageID. 1174, Plaintiff's Dep., pg. 206:4-207:7)**.** She worked remotely throughout her employment and always served in a project management capacity. (Id.) The law is clear: "[R]eassignments without changes in salary, benefits, title, or work hours…do not constitute adverse employment actions." *Mensah v. Caruso*, No. 10-13233, 2014 U.S. Dist. LEXIS 2940, at *12 (E.D. Mich. Jan. 10, 2014).

   Plaintiff also erroneously attempts to recast her reassignments as "structural removal" and "role stripping." The evidence, however, actually shows that Plaintiff's first reassignment in May 2022 occurred after Plaintiff herself complained about working with Blaser and agreed that reassignment was best. (ECF No. 95-6). Plaintiff's move to Vontier was facilitated at her own request to pursue data and analytics work that interested her, and the Vontier team expressed enthusiasm about having Plaintiff join. (ECF No. 95-9). Plaintiff's return to Gilbarco in October 2022 similarly followed Plaintiff's own request to leave Ayma's team. (ECF No. 95-15, PageID. 1271, 1275). In each instance, Defendants accommodated Plaintiff's preferences, establishing that none were adverse employment actions.

   To the extent Plaintiff contends that certain projects were less desirable or had "lower visibility," her subjective impressions are irrelevant. "An employee's subjective impressions

1

<u>Plaintiff retyped Defendants' ECF 113 filing page 2 with Size 14 font with Times New Roman with 1-inch margins</u>

<u>(Following the rule)</u>

1.  **PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF DISCRIMINATION.**
    1.  **Plaintiff's Reassignments Were Not Adverse Employment Actions.**

Plaintiff's Opposition devotes significant space to erroneously characterizing her various reassignments as adverse employment actions, when the facts established that this is false.  Plaintiff admitted in her deposition that no reassignment changed her pay, benefits, title, work hours, or work locations. (ECF No. 95-3, PageID. 1174,  Plaintiff's Dep., pg. 206:4-207:7).  She worked remotely throughout her employment and always served in a project management capacity. (ID.) The law is clear: '[R]eassignments without changes in salary, benefits, title, or work hours…do not constitute adverse employment actions. " Mensah v. Caruso, No. 10-13233, 2014 U. W. Distr. LEXIS 2940, at *12 (E.D. Mich. Jan. 10, 2014).

Plaintiff also erroneously attempts to recast her reassignments as "structural removal' and "role stripping.' The evidence, however, actually shows that Plaintiff's first reassignment in May 2022 occurred after Plaintiff herself complained about working with Blaser and agreed that reassignment was best (ECF No. 95-6).  Plaintiff's move to Vontier was facilitated at her own request to pursue data and analytics work that interested her, and the Vontier team expressed enthusiasm about having Plaintiff join (ECF No.95-9).  Plaintiff's return to Gilbarco in October 2022 similarly followed Plaintiff's own request to leave

Ayma's team. (ECF No. 95-15, PageID. 1271, 1275). In each instance, Defendants accommodated Plaintiff's preferences, establishing that none were adverse employment actions.

To the extent Plaintiff contends that certain projects were less desirable or had "lower visibility," her subjective impressions are irrelevant. " An employee's subjective impressions

<u>Plaintiff retyped Defendants' ECF 113 filing page 2 with Size 14 font with Arial Narrow with 0.9-inch margins.</u>

<u>(Violates the Rule)</u>

1.  **PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF DISCRIMINATION.**
    1.  **Plaintiff's Reassignments Were Not Adverse Employment Actions.**

Plaintiff's Opposition devotes significant space to erroneously characterizing her various reassignments as adverse employment actions, when the facts established that this is false. Plaintiff admitted in her deposition that no reassignment changed her pay, benefits, title, work hours, or work locations. (ECF No. 95-3, PageID. 1174,  Plaintiff's Dep., pg. 206:4-207:7).  She worked remotely throughout her employment and always served in a project management capacity. (ID.) The law is clear: '[R]eassignments without changes in salary, benefits, title, or work hours…do not constitute adverse employment actions. " Mensah v. Caruso, No. 10-13233, 2014 U. W. Distr. LEXIS 2940, at *12 (E.D. Mich. Jan. 10, 2014).

Plaintiff also erroneously attempts to recast her reassignments as "structural removal' and "role stripping.' The evidence, however, actually shows that Plaintiff's first reassignment in May 2022 occurred after Plaintiff herself complained about working with Blaser and agreed that reassignment was best (ECF No. 95-6).  Plaintiff's move to Vontier was facilitated at her own request to pursue data and analytics work that interested her, and the Vontier team expressed enthusiasm about having Plaintiff join (ECF No.95-9).  Plaintiff's return to Gilbarco in October 2022 similarly followed Plaintiff's own request to leave Ayma's team. (ECF No. 95-15, PageID. 1271, 1275).  In each instance, Defendants accommodated Plaintiff's preferences, establishing that none were adverse employment actions.

To the extent Plaintiff contends that certain projects were less desirable or had "lower visibility," her subjective impressions are irrelevant. " An employee's subjective impressions