**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOHYON WARNER,

         Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(d/b/a GILBARCO VEEDER-ROOT)
and VONTIER CORPORATION

         Defendants.

Case No. 24-cv-12333

Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

| | |
|---|---|
| Sohyon Warner | Richard W. Warren (P63123) |
| Plaintiff, *Pro Se* | Lauren D. Harrington (P85545) |
| 2841 Lamplighter Lane | OGLETREE DEAKINS, PLLC |
| Bloomfield Hills, MI 48304 | *Attorneys for Defendants* |
| Sohyon.warner@gmail.com | 34977 Woodward Avenue, Ste. 300 |
| 248-210-5504 | Birmingham, MI 48009 |
| | 248-593-6400 |
| | richard.warren@ogletree.com |
| | lauren.harrington@ogletree.com |

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**OBJECTIONS TO MARCH 23, 2026 ORDER (ECF No. 112)**

NOW COME, Defendants, Gilbarco Inc., and Gilbarco, Inc., (d/b/a Gilbarco

Veeder-Root) and Vontier Corporation (collectively "Defendants"), by and through

their undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, for

their Response in Opposition to Plaintiff's Objections to March 23, 2026 Order (ECF

No. 108) Under Fed. R. Civ. P. 72(a) and E.D. Mich LR 72.1(d) (ECF No. 112).

The Magistrate Judge's Order is clear, correct, and suffers from no defect of fact or law. Plaintiff's Objections represent yet another attempt to relitigate issues already decided by the Court and to frustrate Defendants' legitimate discovery into the very emotional distress claims that Plaintiff herself has placed squarely at issue in this litigation. Plaintiff has identified no error, whether clear or otherwise, and no legal ground upon which to overturn the Magistrate Judge's thorough and well-reasoned Order.

Throughout the course of this litigation, Plaintiff has steadfastly frustrated discovery of her emotional distress claims, refused to obey multiple clear court orders requiring her to provide this information, and unilaterally attempted to circumscribe the scope of discovery to which Defendants are entitled.

The Court should overrule Plaintiff's Objections in their entirety, order Plaintiff to produce unrestricted medical authorizations, and/or in its discretion, choose *sua sponte* to strike Plaintiff's claims for emotional distress damages as a sanction for her persistent obstruction.

Respectfully submitted,

/s/Richard W. Warren
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, PLLC

2

Dated: April 16, 2026

*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
T: (248) 593-6400
richard.warren@ogletree.com
lauren.harrington@ogletree.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SOHYON WARNER,

          Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(d/b/a GILBARCO VEEDER-ROOT)
and VONTIER CORPORATION

          Defendants.

Case No. 24-cv-12333

Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

Sohyon Warner
Plaintiff, *Pro Se*
2841 Lamplighter Lane
Bloomfield Hills, MI 48304
Sohyon.warner@gmail.com
248-210-5504

Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE DEAKINS, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Ste. 300
Birmingham, MI  48009
248-593-6400
richard.warren@ogletree.com
lauren.harrington@ogletree.com

---

## BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE
## IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MARCH 23, 2026 ORDER (ECF No. 112)

## QUESTION(S) PRESENTED

1. Should the Court set aside or modify any portion of the Magistrate Judge's

   Order (ECF No. 108) based on Plaintiff's objections?

   **Defendants' answer: No.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 72(a)

Fed. R. Civ. P. 37(b)(2)

## I.   THE MAGISTRATE JUDGE'S ORDER IS CORRECT AND FREE OF ERROR.

Plaintiff's primary objection—that the Order permits "post-deadline discovery" without a Rule 16(b)(4) finding of good cause—ignores the procedural history and the Court's express reasoning. The Court's February 10, 2026 Order already granted Defendants' request to compel Plaintiff to execute HIPAA-compliant medical authorizations for her identified treatment providers, invoking its "broad authority under Fed. R. Civ. P. 1 and Fed. R. Civ. P. 16(a)(2) & (d)." (ECF No. 94, PageID. 1021). The March 23, 2026 Order simply enforced and gave effect to that prior ruling, which Plaintiff had already undermined by unilaterally inserting limiting language into the releases she was ordered to provide. (ECF No. 108, PageID. 1899-1900). Defendants were not seeking to open new discovery; they were seeking to effectuate the discovery the Court had already ordered. As the Court explained, Defendants "were not asking the Court to compel Plaintiff to execute authorizations just so they could be retained on file," nor was the Court ordering them for that "illogical purpose." (ECF No. 108, PageID. 1899).

Plaintiff insists her emotional distress claim is "garden variety" and that discovery should be limited accordingly, when the Magistrate Judge carefully considered and rejected this characterization. The Magistrate Judge correctly held, that Plaintiff's allegations and testimony go well beyond garden variety emotional distress, and courts are "not bound by a plaintiff's use of the 'garden variety' label

1

but, rather, may look beyond the litigant's own characterization of their damages." *See Kubik v. Central Mich. Univ. Bd. of Trustees*, No. 15-cv-12055, 2016 WL 9631633, at \*4 (E.D. Mich. Mar. 17, 2016). By putting her emotional state at issue, Plaintiff waived any privilege that might have applied and cannot now prevent Defendants from verifying or discounting her testimony through a record review. *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007).

The Court also properly rejected Plaintiff's proposed temporal limitations on the records. Defendants are entitled to a longitudinal baseline to compare Plaintiff's condition before and after the alleged detrimental employment actions and to explore whether her conditions had other origins or were longstanding. This is black-letter discovery law, and the Magistrate Judge committed no error in so holding.

## II. PLAINTIFF HAS PERSISTENTLY FRUSTRATED DISCOVERY OF HER EMOTIONAL DISTRESS CLAIMS.

The record before the Court paints an unmistakable picture of obstruction. Defendants first sought HIPAA-compliant releases during the discovery period, and Plaintiff's prior counsel failed to produce them despite representations to the contrary. When Plaintiff was offered the opportunity to sign the releases at her November 25, 2025 deposition, she gave excuses for needing more time and refused even to look at them during a break, despite the presence of her limited appearance counsel. At the February 5, 2026 hearing on Defendants' motion to compel, the Court pointedly asked Plaintiff to identify a good reason for her failure to sign the releases,

2

and she identified none. The Court then ordered her to sign and produce them by February 12, 2026. (ECF No. 94).

Plaintiff finally signed the releases on February 12, 2026—but did so in a form that the Court had not authorized and that materially restricted the scope of the releases. When Defendants noticed subpoenas to effectuate the Court's order, Plaintiff moved to quash (ECF No. 96), arguing that discovery had closed—an argument the Magistrate Judge characterized as "incorrect at best, and in bad faith, at worst." (ECF No. 108, PageID. 1899). The March 23, 2026, Order accordingly directed Plaintiff to sign another set of releases without the limiting language she had self-inserted, cautioning her that failure to comply could result in sanctions under Fed. R. Civ. P. 37(b), including dismissal. (ECF No. 108, PageID. 1905). Rather than comply, Plaintiff has now filed these Objections—yet another vehicle for delay and obstruction.

## III. THE COURT SHOULD, *SUA SPONTE*, STRIKE PLAINTIFF'S EMOTIONAL DISTRESS CLAIMS.

Given Plaintiff's persistent refusal to comply with multiple court orders directing her to provide discovery into her emotional distress claims, this Court has the authority to strike those claims as a sanction. Under Fed. R. Civ. P. 37(b)(2)(A), when a party fails to obey an order to provide or permit discovery, the court may issue "further just orders," including "striking pleadings in whole or in part." The Magistrate Judge expressly cautioned Plaintiff that her failure to comply "may result

3

in sanctions under Fed. R. Civ. P. 37(b) ('Failure to Comply with a Court Order'), which include dismissal of 'the action or proceeding in whole or in part." (ECF No. 108, PageID. 1905).

Plaintiff has had every opportunity to comply. She has been ordered to provide unrestricted HIPAA releases on multiple occasions, has been warned of sanctions, and has nonetheless continued to defy the Court's directives. A plaintiff who puts her emotional and physical condition at issue in a lawsuit, testifies at length about her diagnoses and treatment, yet refuses to allow Defendants to verify that testimony through medical records, should not be permitted to benefit from those very claims at trial. The Court would be well within its discretion to *sua sponte* strike Plaintiff's claims for emotional distress damages, or in the alternative, to preclude Plaintiff from introducing any evidence of emotional distress at trial, as a sanction for her continuing noncompliance.

Respectfully submitted,

/s/Richard W. Warren
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
T: (248) 593-6400
richard.warren@ogletree.com
Dated: April 16, 2026            lauren.harrington@ogletree.com

4

# CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys and parties of record.

/s/Lauren D. Harrington
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
(248) 593-6400
richard.warren@ogletree.com
lauren.harrington@ogletree.com

5