**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOHYON WARNER,

                Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC. (d/b/a
GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

                Defendants.

Case No. 24-12333
Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' NON-COMPLIANT BRIEF (ECF No. 113)

Plaintiff, Sohyon Warner, proceeding pro se, respectfully requests that the Court strike, or in the alternative, disregard Defendants' MSJ Reply brief (ECF No. 113). The Court warned that *"any future failure to comply will result in the submission being automatically stricken."* (ECF No. 109, PageID.1907).

Defendants used compressed font and reduced margins to obtain the practical equivalent of the longer brief (14 pages) they sought in ECF No. 105 and were denied, as demonstrated in Exhibit A and quantified in Table 1 below. If this does not constitute a failure to comply, then the Court's warning is meaningless, and pro se litigants will be held to stricter standards than experienced counsel.

Plaintiff does not concede compliance with Local Rule 5.1(a)(3); rather, Defendants satisfy only the formal classification of "proportional font" while violating the rule's functional requirements of readability and fair page limits. The issue is not whether Defendants used a "proportional" font in name, but whether their formatting complies with the rule's functional purpose, ensuring that a 12-page brief reflects 12 pages of argument, not a materially expanded submission.

Worse, Defendants used Arial Narrow on both MSJ and Reply briefs (ECF Nos. 95, 113) but Times New Roman on all other filings. This selective switching establishes a pattern and demonstrates a deliberate effort to evade the Court's page limits, reflecting bad-faith circumvention of the Court's order.  (Exhibits A, B)

### I. THE MATHEMATICAL DISPARITY ARGUMENT

The Court's Order (ECF No. 109) sets clear limits. Plaintiff complied with a 20% increase; Defendants expanded theirs to over 121% through formatting. This is not theoretical. It is quantified in the chart below.

**Table 1: Comparative Analysis of Authorized vs. Actual Page Extensions**

| Party | Baseline Limit | Court-Ordered Extension | Authorized Total | Authorized % Increase | Actual Rule Compliant Pages submitted | Effective % Page Length Increase Taken |
|---|---|---|---|---|---|---|
| Plaintiff | 25 Pages | +5 Pages | 30 Pages | **20.0%** | 30.0 Pages | **20.0%** |
| Defendants | 7 Pages | +5 Pages | 12 Pages | **71.4%** | 15.5 Pages* | **121.4%** |

**\*** As demonstrated in **Exhibit A**, Defendants' formatting shifts non-substantive material to the opening page while increasing substantive text density. **Exhibit B** confirms the identical manipulation (Arial Narrow with compressed margins) in Defendants' opening MSJ, **establishing a clear pattern.**

## II. KEY ARGUMENTS DERIVED FROM THE DATA ANALYSIS AND REQUEST FOR EQUAL AND FAIR RELIEF TO RESTORE PROCEDURAL BALANCE

The Court was generous, granting each party 5 extra pages. Given the baselines (Plaintiff's 25 vs. Defendants' 7), the authorized increase was 20.0% for Plaintiff and 71.4% for Defendants.

Plaintiff does not challenge the Court's grant of additional pages. She seeks only equal application of that limit. If Defendants are permitted 12 pages, those must be 12 pages in substance, not the functional equivalent of 15.5 pages achieved through compressed formatting. Notably, the Court's order already afforded Defendants a substantially greater proportional increase (71.4% versus Plaintiff's 20%); under a uniform 20% standard, Defendants' reply would be limited to 8.4 pages, making their current filing, and its further expansion through formatting, demonstrably disproportionate.

Plaintiff does not seek an advantage. Plaintiff seeks only **equal treatment under the Court's rules**.

- **Defendants' "Nominal" Distortion:** Defendants do not deny using Arial Narrow. They instead argue it is "permitted" and seize on Plaintiff's use of the word "nominal" to claim admission. Defendants' reliance on "proportional

font" compliance addresses form, not substance. The rule requires that page limits reflect actual, not compressed, argument volume. The rule requires "14 point proportional", not "condensed proportional." **Arial Narrow packs 13–14 characters per inch (standard is 10.5)**, and Defendants paired it with margins under 1 inch. Technical compliance with the letter of the rule does not excuse violating its purpose.

- **Exploited Generosity:** This Court was already significantly more lenient with the Defendants, granting them a **71.4% increase** (5 pages added to a 7-page limit) compared to Plaintiff's **20.0% increase**. By using condensed formatting, the Defendants unilaterally **expanded their filing by an additional 3.5 "effective" pages, bringing the total to 15.5 pages, including the title block**. This brought their total expansion to **121.4%** of the original limit.

- **Tactical Omission vs. "Fantasy":** Defendants accuse Plaintiff's opposition to their MSJ as "fantasy," yet they needed this unauthorized space only because they omitted critical evidence from their opening MSJ, creating the fantasy for themselves. Had Defendants disclosed the full evidentiary record initially rather than crafting a curated narrative through omissions, they would not have required a "15.5-page" reply. They are using the extra space to bridge the gap between their omissions and the truth.

- **Material Prejudice:** A 121.4% increase in briefing space allowed Defendants

to raise significantly more arguments than the rules intended. This is a tactical circumvention that creates a gross procedural imbalance.

### III. DEFENDANTS' ACTIONS DEFY THE COURT'S SPECIFIC WARNINGS AND EXPLOITED THE COURT'S LENIENCY

If Defendants, who received a generous **71.4% authorized increase**, are permitted to take an **additional 30%** through formatting tricks, then the Court's page limits have no meaning. And a pro se litigant who complied strictly with every rule should not be disadvantaged by opposing counsel's gamesmanship.

In ECF No. 109, this Court emphasized that "**future non-compliance... will result in the submission being automatically stricken**." Defendants' attempt to pass off a 121.4% increase as "nominal compliance" is a bad-faith game. Courts do not permit parties to evade page limits through formatting manipulation or by compressed text. See, e.g., *Varda, Inc. v. Insurance Company of North America,* 45 F.3d 634, 640 (2d Cir. 1995) (condemning use of formatting tricks to evade page limits)*; Rainbow Nails Enterprises, Inc. v. Maybelline, Inc.,* 93 F. Supp. 2d 808, 810 n.1 (E.D. Mich. 2000) (rejecting "illusion of compliance" with Local Rules).

If a pro se, a novice litigant, is automatically stricken for any deviation, experienced counsel who deliberately manipulates fonts and margins should be stricken. Also, Defendants cite *Numatics* but miss the point entirely. The court struck the brief for formatting gamesmanship, not font size, and ordered refiling in

a compliant 14-point proportional font. That is precisely what Defendants failed to use here.

## IV. REQUEST FOR PROPORTIONAL RELIEF TO RESTORE PROCEDURAL BALANCE

To ensure "the just, speedy, and inexpensive determination of every action" (Fed. R. Civ. P. 1), Defendants should not benefit from tactical gamesmanship at the expense of procedural fairness. The Court's Order (ECF No. 109) granted Defendants a 71.4% increase (compared to Plaintiff's 20%). Defendants expanded that to 121.4%, a material circumvention of the Court's Order. (ECF No. 109).

**Plaintiff respectfully requests that the Court restore procedural balance by:**

1. **STRIKE** Defendants' brief (ECF No. 113) in its entirety, pursuant to the Court's warning in ECF No. 109 that future non-compliance will result in automatic striking; or

2. **ORDER** Defendants to refile a compliant brief using standard 14-point font (Times New Roman or standard Arial) with 1-inch margins, limited to the 12 pages in substance; or

3. **DISREGARD** any excess content beyond what a properly formatted 12-page brief would contain

4. **In the alternative,** if the Court determines that proportional leniency governs, Plaintiff respectfully requests application of the same 71.4%

6

standard to both parties. Applied uniformly, that standard would yield approximately a 43-page limit for Plaintiff ($25 \times 1.714$), illustrating the disparity in leniency ordered and preserving equal-treatment principles.

## V. CONCLUSION

Plaintiff seeks only what the Court has already demonstrated is reasonable: **equal treatment**. A 12-page limit must mean 12 pages in substance, not the functional equivalent of a longer brief. Defendants were denied a 14-page reply but obtained it through formatting. Permitting that result creates a material procedural imbalance.

Plaintiff respectfully requests that the Court strike the brief or, at a minimum, require refiling or disregard excess content.

The Court's warning in ECF No. 109 was clear: future non-compliance results in automatic striking. That warning cannot apply only to pro se litigants while exempting experienced counsel.

**Respectfully submitted,**
/s/ Sohyon Warner
Sohyon Warner, Plaintiff, in Pro Se
2841 Lamplighter Lane
Bloomfield Hills, MI 48304
sohyon.warner@gmail.com
248.210.5504

Dated: April 22, 2026

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2026, I filed this Motion with the Court via the CM/ECF system, which will serve all counsel of record electronically.

**Respectfully submitted,**

/s/ Sohyon Warner
Sohyon Warner, Plaintiff, in Pro Se

8