# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SOHYON WARNER,

              Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(d/b/a GILBARCO VEEDER-ROOT)
and VONTIER CORPORATION

              Defendants.

Case No. 24-cv-12333

Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

| | |
|---|---|
| Sohyon Warner<br>Plaintiff, *Pro Se*<br>2841 Lamplighter Lane<br>Bloomfield Hills, MI 48304<br>Sohyon.warner@gmail.com<br>248-210-5504 | Richard W. Warren (P63123)<br>Lauren D. Harrington (P85545)<br>OGLETREE DEAKINS, PLLC<br>*Attorneys for Defendants*<br>34977 Woodward Avenue, Ste. 300<br>Birmingham, MI 48009<br>248-593-6400<br>richard.warren@ogletree.com<br>lauren.harrington@ogletree.com |

---

## DEFENDANTS' MOTION TO EXCUSE UNTIMELY FILING OF RESPONSE TO PLAINTIFF'S OBJECTIONS (ECF NO. 116)

NOW COME Defendants, Gilbarco Inc., Gilbarco, Inc. (d/b/a Gilbarco Veeder-Root), and Vontier Corporation (collectively "Defendants"), by and through their undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, who respectfully move this Court pursuant to Fed. R. Civ. P. 6(b)(1)(B) for an order

excusing Defendants' untimely filing of their Response in Opposition to Plaintiff's Objections to the March 23, 2026 Order (ECF No. 116).  As set forth below, the delayed filing was due to excusable neglect, and granting this Motion will not cause a delay to the Court or prejudice to Plaintiff.

On March 26, 2026, Plaintiff filed her Objections to the Magistrate Judge's March 23, 2026 Order pursuant to Fed. R. Civ. P. 72(a) and E.D. Mich. LR 72.1(d). (ECF No. 112). However, when filing, Plaintiff incorrectly labeled her Objections as a "Motion to Set Aside Order on Motion to Quash." *See Docketing Report* at ECF No. 112. Defendants' counsel's docketing team, which utilized the title of Plaintiff's filing for its calculation, calendared the response to be due 21 days after the date of the filing, with the misunderstanding that the filing was a motion with an enlarged briefing schedule under E.D. Mich. LR 7.1(e)(2)(A), based on how it was named. Consistent with this error, Defendants then filed their response on April 16, 2026, 21 days after Plaintiff filed her Objections.

When Plaintiff filed her Motion to Strike Defendants' Response (ECF No. 117), Defendants realized the docketing error. Under Local Rule 72.1(d), Defendants' response was due within 14 days — by April 9, 2026. Defendants' late filing was an unintentional error. Defendants intended to comply with the Court's deadlines, as they have done with every filing throughout the case. Defendants' seven-day delay does not prejudice Plaintiff in any way. This is especially so given

2

that the underlying matter – Memorandum Order Denying Plaintiff's Motion to Quash Fed. R. Civ. P. 45 Subpoenas or for Protective Order, And For Sanctions – involves a determination by the Magistrate Judge that Plaintiff has been delinquent in providing critical discovery in the form of access to her medical records, which is directly relevant to her claims for emotional distress damages.

Plaintiff's Objections to the Magistrate Judge's Order can still be considered fully and fairly notwithstanding the seven day delay at issue here. Also, any outcome on Plaintiff's Objections, and ultimately the Magistrate Judge's Order requiring Plaintiff to provide medical authorizations, has no impact on the merits of the case. Defendants seek Plaintiff's medical authorizations for the purpose of assessing damages, which is not at issue until after the merits have been decided, either through Defendants' pending Motion for Summary Judgement (ECF No. 95), or later by a jury.

For these reasons, Defendants ask the Court to excuse their delayed Response (ECF No. 116) pursuant to Fed. R. Civ. P. 6(b)(1)(B) and allow their Response to remain in consideration when evaluating Plaintiff's Objections.

On April 24, 2026, concurrence in this Motion was sought pursuant to Local Court Rule 7.1 but was not obtained.

Respectfully submitted,

/s/Richard W. Warren
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
T: (248) 593-6400
richard.warren@ogletree.com
lauren.harrington@ogletree.com

Dated: April 24, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOHYON WARNER,

             Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(d/b/a GILBARCO VEEDER-ROOT)
and VONTIER CORPORATION

             Defendants.

Case No. 24-cv-12333

Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

| | |
|---|---|
| Sohyon Warner<br>Plaintiff, *Pro Se*<br>2841 Lamplighter Lane<br>Bloomfield Hills, MI 48304<br>Sohyon.warner@gmail.com<br>248-210-5504 | Richard W. Warren (P63123)<br>Lauren D. Harrington (P85545)<br>OGLETREE DEAKINS, PLLC<br>*Attorneys for Defendants*<br>34977 Woodward Avenue, Ste. 300<br>Birmingham, MI 48009<br>248-593-6400<br>richard.warren@ogletree.com<br>lauren.harrington@ogletree.com |

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXCUSE**
**UNTIMELY FILING OF RESPONSE TO PLAINTIFF'S OBJECTIONS**
**(ECF NO. 116)**

## QUESTION(S) PRESENTED

1. Should the Court excuse the short delay in the filing of ECF No. 116, Defendants' Response In Opposition To Plaintiff's Objections To March 23, 2026 Order (ECF No. 112) pursuant to Fed. R. Civ. P. 6(b)(1)(B)?

   **Defendants' answer: Yes.**

## <u>CONTROLLING AND MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 6(b)(1)(B)

## I.   FACTUAL BACKGROUND

When Plaintiff filed her Objections to the Magistrate Judge's Order (ECF No. 112), she did not docket her Objections in a manner consistent with what the filing actually was. Rather than selecting a label within Pacer that aligned with her filing, Plaintiff docketed the filing as a "Motion To Set Aside Order On Motion To Quash."

Because of this unconventional label, Defendants' docketing team reasonably interpreted ECF No. 112 as a motion falling under the enlarged briefing schedule set forth in Eastern District of Michigan Local Rule 7.1(e)(2), which provides 21 days for a response, instead of 14 days. Accordingly, the docketing team calendared the response deadline as 21 days from March 26, 2026 — which was April 16, 2026 — and the date when Defendants filed their Response (ECF No. 116).

It was not until after the filing of ECF No. 116 that counsel identified the discrepancy between the docket label and the applicable response deadline. At no point did Defendants intentionally disregard any applicable rule or deadline.

Defendants note that the underlying Order that Plaintiff objects to, (ECF No. 108), addresses **<u>Plaintiff's prolonged failure</u>** to provide Defendants with medical records relevant to her emotional distress claims. More than a year ago, on January 23, 2025, Defendants first requested that Plaintiff provide HIPAA-compliant medical authorizations through their First Requests for Production of Documents, when Plaintiff was still represented by counsel. Despite repeated follow-up requests,

1

including at Plaintiff's November 25, 2025, in-person deposition, where Plaintiff also had counsel present, Plaintiff failed to provide compliant authorizations. On February 10, 2026, the Magistrate Judge ordered Plaintiff to execute unrestricted authorizations (ECF No. 94). Plaintiff failed to comply with that Order. Then on March 23, 2026, **approximately 424 days** after Defendants' initial request, the Magistrate Judge entered a second Order (the one at issue) compelling Plaintiff to sign and produce unrestricted releases (ECF No. 108)—to which Plaintiff has still failed to comply with. Defendants' seven-day calendaring error pales in comparison to Plaintiff's fifteen-month delay in complying with her discovery obligations.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 6(b)(1)(B), a court may, for good cause, permit an act to be done after the deadline has expired if the party's failure to act was the result of excusable neglect. The Supreme Court has identified four factors relevant to the excusable neglect inquiry: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Stenberg v. Groff*, No. 2:24-cv-13112, 2025 U.S. Dist. LEXIS 180279, at *4 (E.D. Mich. Sep. 15, 2025) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Each factor weighs in Defendants' favor.

2

## III.    ARGUMENT

### A. Plaintiff Has Suffered No Prejudice.

Plaintiff has suffered no prejudice from the seven-day delay. There is no suggestion, nor does Plaintiff make any claim, that the brief delay impaired her ability to litigate her Objections or otherwise affected the proceedings in any way. Plaintiff is still entitled to file a Reply in support of her Objections within seven days from Defendants' Response. Fed. R. Civ. P. 72.1(d)(4). The Court's consideration of the underlying Objections has not been delayed or disrupted in any way by the one-week variance. This factor weighs strongly in favor of finding excusable neglect.

### B. The Delay Was Brief and Has Not Impacted Judicial Proceedings.

The delay was seven days — a modest period that has had no impact on the Court's schedule or its ability to resolve Plaintiff's Objections. No hearing dates have been affected, and no party has been placed at a disadvantage by this brief interval. Ultimately, any outcome on Plaintiff's objections or the Magistrate Judge's Order requiring Plaintiff to provide medical authorizations, has no impact on the merits of the case. The Magistrate Judge ordered Plaintiff to provide signed medical authorizations as part of Defendants' discovery into Plaintiff's claim for emotional distress damages. This is an issue that has no impact on the merits of Plaintiff's claims and need not be addressed until after Defendants' pending Motion for

Summary Judgment (ECF No. 95) is decided. This factor likewise weighs in Defendants' favor.

**C. The Reason for the Delay Was Plaintiff's Mislabeling of Her Filing.**

The reason for the delay is straightforward: Plaintiff docketed her Rule 72(a) Objections as a "Motion To Set Aside Order On Motion To Quash". This mislabeling led Defendants' docketing team to apply the 21-day response period under Local Rule 7.1(e)(2), the period applicable to motions falling under the enlarged briefing schedule, rather than the 14-day period under Local Rule 72.1(d).

The error was not the product of indifference, carelessness, or willful disregard of the Court's rules. It was a reasonable administrative mistake triggered by Plaintiff's inaccurate docketing label. This type of calendaring error constitutes excusable neglect. *See Stenberg v. Groff,* No. 2:24-cv-13112, 2025 U.S. Dist. LEXIS 180279, at *4-5 (E.D. Mich. Sep. 15, 2025) ("Although Wellpath filed its reply more than three weeks late, this error was due to a simple mistake; when Stenberg filed his response early, they did not update the due date for their reply. There is no indication that Wellpath acted in bad faith, and there has been no prejudice to Stenberg or impact on the judicial proceeding caused by the late filing."); *United States v. $21,495 in United States Currency*y, No. 5:22-cv-71, 2022 U.S. Dist. LEXIS 88485, 2022 WL 1553523, at *2 (E.D. Ky. May 17, 2022) (finding good cause and excusable neglect where counsel diligently moved for extension upon

discovery of calendar error and there was no indication of bad faith or prejudice to nonmovant).

### D. Defendants Acted in Good Faith.

Defendants acted in complete good faith. Upon receiving Plaintiff's Objections, Defendants' counsel prepared and filed a substantive response within the timeframe their docketing team had identified. There was no strategic motive for delay, and Defendants did not seek any tactical advantage from the additional seven days. Defendants filed a substantive response to Plaintiff's Objections that serves the Court's interest in resolving the issues on a complete record.

Accordingly, these factors support excusing Defendants' seven-day delayed Response.

## IV.   CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and excuse Defendants' untimely filing of ECF No. 116 under Fed. R. Civ. P. 6(b)(1)(B), and deny Plaintiff's Motion to Strike (ECF No. 117).

Respectfully submitted,

/s/Richard W. Warren
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009

Dated: April 24, 2026          T: (248) 593-6400

5

6

richard.warren@ogletree.com
lauren.harrington@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys and parties of record.

/s/Lauren D. Harrington
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
(248) 593-6400
richard.warren@ogletree.com
lauren.harrington@ogletree.com

7

93115250.v1-OGLETREE