**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOHYON WARNER,

                               Case No. 24-12333

          Plaintiff,             Hon. Gershwin A. Drain

v.                            Mag. Judge Anthony P. Patti

GILBARCO, INC., GILBARCO, INC. (d/b/a
GILBARCO VEEDER-ROOT) and
VONTIER CORPORATION,

          Defendants.

---

**Reply in Support of Plaintiff's Motion to Strike Defendants' Untimely Response (ECF No. 117) and in Opposition to Defendants' Motion for Retroactive Relief (ECF No. 119)**

Plaintiff, Sohyon Warner, proceeding pro se, respectfully submits this Reply in support of her Motion to Strike Defendants' Untimely Response (ECF No. 117) and in opposition to Defendants' Motion for Retroactive Relief (ECF No. 119). Defendants' opposition (ECF No. 119) fails to establish excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) and instead attempts to shift responsibility for their missed deadline onto Plaintiff. It also introduces factual assertions that are inconsistent with the record and unrelated to the narrow Rule 6 inquiry before the

Court**. These inconsistencies represent two additional issues relevant to Defendants' credibility** and their request for retroactive relief.

## I.  DATA POINT 1: DEFENDANTS PROVIDED INCONSISTENT EXPLANATIONS FOR THEIR MISSED DEADLINE

On April 24, 2026, at 3:07 p.m., Defendants emailed Plaintiff seeking concurrence and described the issue as "their short and unintentional seven-day delay." (Exhibit A)

> On Fri, Apr 24, 2026 at 3:07 PM Harrington, Lauren D. <lauren.harrington@ogletree.com> wrote:
> Good afternoon Ms. Warner,
>
> Defendants are seeking your concurrence in the filing of their Motion to Excuse the Untimely Filing of Response to Plaintiff's Objections (ECF No. 116). It is Defendants' position that their short and unintentional seven-day delay is excusable pursuant to FRCP 6(b)(1)(B).
>
> Please let us know if you concur with Defendants' position.
>
> Thank you,
> Lauren
>
> **Lauren D. Harrington | Ogletree Deakins, PLLC**

Approximately ninety minutes later, Defendants filed ECF No. 119 and attributed that same delay to Plaintiff's alleged "misfiling" of ECF No. 112. These inconsistent explanations are relevant to the Court's good-faith analysis under Fed. R. Civ. P. 6(b)(1)(B).

## A. Defendants' Label Explanation Is Inconsistent With the Docket Record

Defendants admit they relied on the CM/ECF label in calculating their deadline. That explanation does not account for the full docket entry, which repeatedly identified ECF No. 112 as Plaintiff's Rule 72(a) objections.

The docket itself substantially undermines Defendants' claim of confusion. The title of the filing, the names of the exhibits, and the Court's own modification on March 26, 2026, all confirm that ECF No. 112 is an Objection under Rule 72(a):

| 3/26/2026 | 112 | MOTION to Set Aside 108 Order on Motion to Quash *Plaintiffs Objections to March 23, 2026 Order (ECF No. 108) under Fed. R. Civ. P. 72(a).* by Sohyon Warner [E-filer]. (Attachments: # 1 Exhibit A_250318_Conversation_Plaintiff and Former Attorney, # 2 Exhibit B_250923_Warner v Gilbarco Defendants' Discovery_AI Usage., # 3 Exhibit 250923_Warner v Gilbarco Defendants' Discovery _Medical, # 4 Exhibit D-260325_Defendant forwarding (Authorization Release Forms), # 5 Exhibit E_ Medical Authorizations, # 6 Exhibit F_Psych Authorizations) (Warner [E-filer], Sohyon) Modified on 3/26/2026 (JPar). [Document is an Objection to 108 ] (Entered: 03/26/2026) |
|---|---|---|

**The docket entry expressly referenced Plaintiff's "Objections," cited Rule 72(a), identified multiple exhibits related to those objections, and was modified by the Court to clarify that it was "[a] Document is an Objection to 108." Defendants' assertion that they remained confused despite these multiple indicators is difficult to reconcile with the record.**

Defendants' April 24, 2026 motion goes beyond explaining a calendaring error. It assigns blame to Plaintiff by characterizing ECF No. 112 as a filing "which Plaintiff Misfiled as A Motion." That characterization is inconsistent with the docket record. ECF No. 112 repeatedly identified the filing as Plaintiff's

"Objections," expressly cited Rule 72(a), and was modified by the Court to clarify that it was "[a] Document is an Objection to 108." Defendants' continued effort to attribute their missed deadline to Plaintiff weighs against a finding of good faith under Rule 6(b)(1)(B).

Defendants' attempt to redirect attention from their own procedural errors to allegations against Plaintiff is addressed more fully in Section III, where this broader pattern becomes even clearer.

## B. Defendants Admit They Applied The Wrong Deadline

Defendants' explanation compounds their original error. This was a Rule 72(a) objection—not a dispositive motion subject to an expanded briefing schedule. Even accepting Defendants' claim of confusion regarding the filing label, that explanation does not account for why Defendants also applied the wrong response deadline.

Defendants expressly admit that they did not identify their alleged "discrepancy" until after filing ECF No. 116: *"It was not until after the filing of ECF No. 116 that counsel identified the discrepancy…"* (ECF No. 119, PageID.2484).

This admission confirms that Defendants failed to verify the applicable deadline before filing ECF No. 116. Defendants neither sought leave to file out of time nor requested an extension before filing their untimely response. Instead, they

4

filed first and sought retroactive relief only after Plaintiff moved to strike. That sequence weighs against a finding of excusable neglect under Rule 6(b)(1)(B).

## II. DATA POINT 2: DEFENDANTS' 425-DAY CHARACTERIZATION IS INCOMPLETE AND MISLEADING

Defendants' assertion that Plaintiff failed to provide medical authorizations for approximately "425 days" materially omits key facts. Their calculation begins on February 23, 2025, when Plaintiff was still represented by counsel. Plaintiff did not begin actively litigating this case pro se until August 28, 2025 (ECF No. 33). Plaintiff also provided medical authorizations in March 2025 to her then counsel, and again on February 11, 2026 directly to Defendants. **The actual dispute concerned scope and proportionality, not a complete refusal to provide authorizations.**

More importantly, **had Defendants followed the Court's scheduling order and the Federal Rules, they had approximately 130 days during the amended discovery period,** which remained open until December 5, 2025, **to raise any remaining disputes concerning medical discovery through the proper procedures. They did not do so**. Instead, **Defendants filed their motion to compel 17 days after discovery had closed** and sought relief after the applicable deadline had expired. **Magistrate Judge Patti later denied significant portions of that motion as untimely. (ECF No. 94)**. Defendants' current characterization

5

of Plaintiff as categorically noncompliant does not accurately reflect the procedural history.

Defendants' accusation is particularly misplaced given the broader discovery record. While aggressively characterizing Plaintiff as obstructive regarding medical authorizations, Defendants continue to dispute Plaintiff's requests for complete ESI, comparator records, and factual portions of the internal HR investigation. Those issues are governed by separate motions and orders, and Plaintiff does not seek to relitigate them here. The point is narrower: Defendants' attempt to portray Plaintiff as uniquely noncompliant while omitting their own ongoing discovery disputes further undermines the credibility of their current narrative.

These collateral and incomplete factual assertions do not establish excusable neglect under Rule 6(b)(1)(B) and further reflect Defendants' recurring practice of responding to their own procedural deficiencies by redirecting attention to Plaintiff.

### III. THE MIRROR DEFENSE PATTERN DEFEATS EXCUSABLE NEGLECT

Plaintiff has previously described this recurring pattern as a "Mirror Defense"—where Defendants respond to their own procedural deficiencies by redirecting attention to allegations against Plaintiff rather than addressing the governing issue before the Court. ECF No. 119 follows that same pattern. Rather

than focusing on the Rule 6(b)(1)(B) standard, Defendants devote substantial portions of their motion to collateral accusations regarding Plaintiff's medical discovery conduct, credibility, and litigation behavior. Those arguments do not cure Defendants' missed deadline.

The Court should not evaluate Defendants' current request in a vacuum. The present issue reflects a broader pattern of procedural inconsistency reflected elsewhere in the record, including: (1) inconsistent timing practices, including filing ECF No. 115 early while filing ECF No. 116 late during the same week; and (2) inconsistent explanations regarding responsibility for the present delay, including Defendants' private acknowledgment of "their" delay followed by subsequent attempts to attribute that delay to Plaintiff. While these issues arise in different procedural contexts, they collectively undermine Defendants' claim that the present deadline violation was merely an isolated oversight.

Under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), the Court considers four factors when evaluating excusable neglect: (1) prejudice to the opposing party, (2) the length of the delay and impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith.

Defendants' position is also inconsistent with the controlling authority addressing attorney calendaring errors. While *Pioneer* requires consideration of all

7

relevant circumstances, the Sixth Circuit has emphasized that the reason for the delay remains a critical factor. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). In *Gohl ex rel. J.G. v. Livonia Public Schools*, No. 12-cv-15199, slip op. at 7–8 (E.D. Mich. May 16, 2016), the court rejected an untimely filing based on counsel's calendaring mistake, holding that "counsel's inadvertence in calendaring the clear and unambiguous deadline" did not constitute excusable neglect and noting that courts routinely reject untimely filings where the delay results from counsel error alone. The same reasoning applies here. Defendants' asserted docketing confusion does not overcome the fact that the deadline was objectively identifiable from the docket record.

Those factors weigh against Defendants here. Their explanation for the delay is inconsistent with the docket record, which repeatedly identified ECF No. 112 as Plaintiff's Rule 72(a) objections. Their good-faith showing is further undermined by their inconsistent explanations to Plaintiff and the Court regarding responsibility for the delay. While the delay itself was relatively short, Defendants filed without first seeking leave and sought retroactive relief only after Plaintiff moved to strike. Plaintiff was also required to expend additional time and resources addressing a procedural issue that would not have existed had Defendants complied with the applicable deadline.

This pattern has surfaced before. In ECF No. 94, the Court rejected Defendants' AI-related discovery demands as an improper "fishing expedition" and expressly cautioned that Defendants' "preoccupation with Plaintiff's use of AI needs to abate." Defendants again devote significant portions of ECF No. 119 to Plaintiff's litigation conduct rather than their own missed deadline—further undermining their claim of good faith.

The Court has also previously questioned Defendants' focus on Plaintiff's pro se status. During the January 12, 2026 status conference, when defense counsel generalized about pro se litigants, Magistrate Judge Patti asked: "Why does it matter that she's a pro se plaintiff?" (Jan. 12, 2026 Tr. 6:25–7:1). ECF No. 119 reflects a similar shift away from the governing procedural issue.

For these reasons, Defendants have not demonstrated excusable neglect under Rule 6(b)(1)(B), and their request for retroactive relief should be denied.

## IV. CONCLUSION

Plaintiff is proceeding pro se and has made substantial efforts to comply with procedural requirements despite lacking the institutional resources available to Defendants' counsel. The issue before the Court is not whether mistakes can occur—they can. The issue is whether represented parties may disregard clear deadlines, shift responsibility to an opposing pro se litigant, and seek retroactive relief only after being challenged.

The record reflects that Defendants missed a clear deadline, offered inconsistent explanations for that delay, relied on incomplete factual narratives unrelated to Rule 6(b)(1)(B), and diverted this Court's attention from the governing legal standard. Defendants have failed to demonstrate excusable neglect under Rule 6(b)(1)(B).

Accordingly, Plaintiff respectfully requests that this Court:

1.  **DENY** Defendants' request for retroactive relief (ECF No. 119);

2.  **STRIKE or disregard** Defendants' untimely response (ECF No. 116); and

3.  Grant any further relief the Court deems just and appropriate.

**Respectfully submitted,**
/s/ Sohyon Warner
Sohyon Warner, Plaintiff, in Pro Se
2841 Lamplighter Lane
Bloomfield Hills, MI 48304
sohyon.warner@gmail.com
248.210.5504

Dated: April 28, 2026

**CERTIFICATE OF SERVICE**
I certify that on April 28, 2026, I filed this Motion with the Court via the CM/ECF system, which will serve all counsel of record electronically.

**Respectfully submitted,**

/s/ Sohyon Warner
Sohyon Warner, Plaintiff, in Pro Se