# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SOHYON WARNER,

                Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(d/b/a GILBARCO VEEDER-ROOT)
and VONTIER CORPORATION

                Defendants.

Case No. 24-cv-12333

Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

| | |
|---|---|
| Sohyon Warner | Richard W. Warren (P63123) |
| Plaintiff, *Pro Se* | Lauren D. Harrington (P85545) |
| 2841 Lamplighter Lane | OGLETREE DEAKINS, PLLC |
| Bloomfield Hills, MI 48304 | *Attorneys for Defendants* |
| Sohyon.warner@gmail.com | 34977 Woodward Avenue, Ste. 300 |
| 248-210-5504 | Birmingham, MI 48009 |
| | 248-593-6400 |
| | richard.warren@ogletree.com |
| | lauren.harrington@ogletree.com |

---

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (ECF No. 117)

NOW COME Defendants, Gilbarco Inc., and Gilbarco, Inc. (d/b/a Gilbarco Veeder-Root), and Vontier Corporation (collectively "Defendants"), by and through their undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, for their Response in Opposition to Plaintiff's Motion to Strike Defendants' Untimely and Non-Compliant Response (ECF No. 117).

For the reasons set forth below, and as more fully argued in Defendants'

concurrently filed Motion to Excuse Untimely Filing (ECF No. 119), Plaintiff's

Motion to Strike should be denied.

Respectfully submitted,

/s/Richard W. Warren
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
T: (248) 593-6400
richard.warren@ogletree.com
Dated: May 4, 2026                 lauren.harrington@ogletree.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SOHYON WARNER,

              Plaintiff,

v.

GILBARCO, INC., GILBARCO, INC.
(d/b/a GILBARCO VEEDER-ROOT)
and VONTIER CORPORATION

              Defendants.

Case No. 24-cv-12333

Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

---

Sohyon Warner
Plaintiff, *Pro Se*
2841 Lamplighter Lane
Bloomfield Hills, MI 48304
Sohyon.warner@gmail.com
248-210-5504

Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE DEAKINS, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Ste. 300
Birmingham, MI 48009
248-593-6400
richard.warren@ogletree.com
lauren.harrington@ogletree.com

---

## BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (ECF No. 117)

## QUESTION(S) PRESENTED

1. Should the Court deny Plaintiff's Motion to Strike (ECF No. 117) and excuse Defendants' short seven-day delay in responding to Plaintiff's Objections to the Magistrate Judge's Order (ECF No. 108)?

   **Defendants' answer: Yes.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Eastern District of MI Local Court Rule 72.1(d)

Fed. R. Civ. P. 6(b)(1)(B)

## I.   INTRODUCTION

Plaintiff asks the Court to strike Defendants' Response in Opposition to Plaintiff's Objections to the Magistrate Judge's March 23, 2026 Order (ECF No. 116) on the sole ground that it was filed seven days late. Defendants acknowledge that their Response was filed on April 16, 2026, rather than the April 9, 2026 deadline prescribed by Local Rule 72.1(d). However, the brief delay was the product of a reasonable, unintentional and nonprejudicial calendaring error attributable to Plaintiff's own mislabeling of her Objections, not the result of bad faith, indifference, or willful disregard of the Court's rules. Defendants have concurrently moved for relief under Fed. R. Civ. P. 6(b)(1)(B) (see ECF No. 119), as the circumstances warrant a finding of excusable neglect.

## II.   THE DELAY WAS UNINTENTIONAL AND CAUSED BY PLAINTIFF'S MIS-DOCKETING OF HER OBJECTIONS.

When Plaintiff filed her Objections to the Magistrate Judge's Order (ECF No. 112), she did not docket them in a manner consistent with what the filing actually was. Rather than selecting a label within PACER that aligned with a Rule 72(a) objection, Plaintiff docketed the filing as a "Motion To Set Aside Order On Motion To Quash." Because of this unconventional label, Defendants' docketing service reasonably interpreted ECF No. 112 as a motion falling under the enlarged briefing schedule set forth in Eastern District of Michigan Local Rule 7.1(e)(2), which provides 21 days for a response, rather than the 14-day period applicable to

1

objections under Local Rule 72.1(d). Accordingly, the docketing team calendared the response deadline as April 16, 2026—21 days from March 26, 2026—and Defendants filed their Response on that date.

It was not until after the filing of ECF No. 116 that Defendants' counsel identified the discrepancy between the docket label and the applicable response deadline. At no point did Defendants intentionally disregard any applicable rule or deadline. This type of calendaring error, triggered by an opposing party's inaccurate docket entry, constitutes excusable neglect. *See Stenberg v. Groff*, No. 2:24-cv-13112, 2025 U.S. Dist. LEXIS 180279, at *4–5 (E.D. Mich. Sep. 15, 2025) (finding excusable neglect where late filing was due to a "simple mistake" in calendaring and there was no indication of bad faith or prejudice); *United States v. $21,495 in United States Currency*, No. 5:22-cv-71, 2022 U.S. Dist. LEXIS 88485, 2022 WL 1553523, at *2 (E.D. Ky. May 17, 2022) (finding good cause and excusable neglect where counsel diligently moved for extension upon discovery of calendar error).

## III. THE CIRCUMSTANCES WARRANT A FINDING OF EXCUSABLE NEGELCT UNDER FED. R. CIV. P. 6(b)(1)(B).

Under Fed. R. Civ. P. 6(b)(1)(B), a court may permit an act to be done after the deadline has expired if the party's failure to act was the result of excusable neglect. The Supreme Court has identified the following factors relevant to this inquiry: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay;

(4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Stenberg*, 2025 U.S. Dist. LEXIS 180279, at *4. Application of the factors to the facts here establish excusable neglect.

### A. Plaintiff Has Suffered No Prejudice.

Plaintiff has suffered no prejudice from the seven-day delay. There is no suggestion, nor does Plaintiff make any claim, that the brief delay impaired her ability to litigate her Objections or otherwise affected the proceedings in any way. Plaintiff remains entitled to file a Reply in support of her Objections within seven days of Defendants' Response under Local Rule 72.1(d)(4). The Court's consideration of the underlying Objections, and Plaintiff's arguments regarding her Objections, have not been delayed or disrupted in any way by the one-week variance.

### B. The Delay Was Brief and Has Not Impacted Judicial Proceedings.

The delay was seven days—a modest period that has had no impact on the Court's schedule or its ability to resolve Plaintiff's Objections. No hearing dates have been affected, and no party has been placed at a disadvantage by this brief interval. Moreover, the underlying matter—the Magistrate Judge's Order requiring Plaintiff to provide medical authorizations—pertains to the assessment of damages, not the merits of Plaintiff's claims. This issue need not be addressed until after Defendants'

3

pending Motion for Summary Judgment (ECF No. 95) is decided.

### C. The Reason for the Delay Was Plaintiff's Own Mislabeling.

As set forth above, the reason for the delay is straightforward and attributable to Plaintiff's mislabeling of her filing. The error was not the product of indifference, carelessness, or willful disregard of the Court's rules, but rather a reasonable administrative mistake triggered by Plaintiff's inaccurate docketing label.

Plaintiff contends that Defendants' alleged "selective compliance" with deadlines defeats any claim of excusable neglect, noting that Defendants timely filed a different response on the same day. This argument actually reinforces that the late filing was an inadvertent error. The very fact that Defendants timely filed another response on the same day demonstrates that they were actively engaged in meeting their deadlines and that the missed deadline for ECF No. 116 was an isolated calendaring mistake, not a pattern of disregard.

### D. Defendants Acted in Good Faith.

Defendants acted in good faith throughout and Plaintiff has no evidence to the contrary. Upon receiving Plaintiff's Objections, Defendants' counsel prepared and filed a substantive response within the timeframe their docketing team identified. There was no strategic motive for delay, and Defendants did not seek any tactical advantage from the additional seven days. Moreover, upon learning of the docketing error through Plaintiff's Motion to Strike, Defendants promptly filed their Motion to

4

Excuse their Untimely Filing (ECF No. 119), demonstrating the diligence and transparency expected under Fed. R. Civ. P. 6(b)(1)(B).

## IV.   PLAINTIFF'S IRRELEVANT ARGUMENTS DO NOT WARRANT STRIKING DEFENDANTS' RESPONSE.

Plaintiff's Motion devotes considerable space to irrelevant arguments—including false allegations that Defendants have committed a "pattern of procedural defiance," arguments defending her use of generative AI (that Defendants' never raised in their Response), and disputes over the scope of her medical discovery that the Court already decided—none of which have any bearing on the narrow question of whether Defendants' seven-day delay should be excused. These arguments should be addressed, *if at all*, in the ordinary course of briefing on Plaintiff's Objections, not as a basis for striking the Response altogether.

Critically, the Court should not lose sight of what the underlying dispute actually involves—Plaintiff's own persistent noncompliance with multiple Court Orders directing her to provide unrestricted medical authorizations. Defendants first requested HIPAA-compliant releases in January 2025—more than fifteen months ago—and Plaintiff has frustrated that discovery at every turn. The Magistrate Judge characterized Plaintiff's argument that Defendants should be prohibited from obtaining the very records that the Court ordered her to execute releases for, as "incorrect at best, and in bad faith, at worst." (ECF No. 108, PageID. 1899)(emphasis added). Defendants' seven-day calendaring error pales in

5

comparison to Plaintiff's fifteen-month delay in meeting her own discovery obligations and complying with Court orders.

Striking Defendants' Response would deprive the Court of a complete record on these significant discovery issues and reward Plaintiff's pattern of obstruction. The Court's interest in resolving Plaintiff's Objections on a full record, as well as the reasons explained in detail in Defendants' Motion to Excuse their Untimely Filing (ECF No. 119) strongly favor denying Plaintiff's Motion to Strike.

Respectfully submitted,

/s/Richard W. Warren
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
T: (248) 593-6400
richard.warren@ogletree.com
Dated: May 4, 2026        lauren.harrington@ogletree.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys and parties of record.

/s/Lauren D. Harrington
Richard W. Warren (P63123)
Lauren D. Harrington (P85545)
OGLETREE,  DEAKINS,  NASH,  SMOAK
& STEWART, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
(248) 593-6400
richard.warren@ogletree.com
lauren.harrington@ogletree.com

7

93115250.v1-OGLETREE